## No. 10,935.

THE STATE EX REL. D. C. SCARBOROUGH, DISTRICT ATTORNEY OF ELEVENTH JUDICIAL DISTRICT VS. THE JUDGES OF CIRCUIT COURT OF APPEALS, ETC.

Act 118 of 1890, which requires all railroad companies throughout the State of Louisiana to put up bulletin boards in a conspicuous place, at all regular or way stations where they have a telegraph operator, and to keep posted thereon, for the information of the traveling public, or people generally, the time of the arrival and departure of all regular trains, on pain of a fine of not less than one hundred, and not more than five hundred dollars, for *each* violation of its provisions, "without just cause," "to be recovered in any court of competent jurisdiction within the parish where said violation may take place," is not a *criminal* statute in the sense of the jurisdictional articles of the Constitution relative to the Appellate Courts of the State; and the procedure indicated for the recovery of the fine thereunder to be imposed is *civil and not criminal* in character.

Of such a proceeding the Circuit Courts of Appeal have appellate jurisdiction, and prohibition will not lie to restrain the judges thereof from hearing and adjudging such a cause.

APPLICATION for Prohibition.

Relator in person.

*Howe & Prentiss* for Respondents.

The opinion of the court was delivered by

WATKINS, J.   Relator seeks to restrain further action on the part of respondents in the suit depending in their court, entitled State ex rel. D. C. Scarborough, District Attorney of the Eleventh Judicial District, vs. Texas & Pacific Railroad Company, on the ground that said suit is a *criminal* and not a *civil* proceeding, over which class of cases the organic law has given the circuit courts of appeal no jurisdiction; and, therefore, they can exercise none in that case; and any attempt on their part to exercise jurisdiction in the premises, would be, in effect, an usurpation of power on their part.

In respondent's brief we note a suggestion to the effect that relator had proceeded somewhat irregularly in the court below, by appearing in their court to try the said cause on appeal therein, and only urging complaint after it had been *unfavorably* decided, and *first* presenting objection to the jurisdiction thereof on the rule taken for a rehearing.

As, in our opinion, that makes no essential difference—consent not conferring jurisdiction *ratione materiæ*—we will go to the main question at once.   State ex rel. City vs. Judge, 41 An. 540.

Referring to the Constitution, we find that courts of appeal are declared to "have appellate jurisdiction only, which jurisdiction shall extend to all cases, *civil* or *probate*, when the matter in dispute * * * shall exceed two hundred dollars," etc.   Art. 95.

We find further that "the Supreme Court * * * shall have appellate jurisdiction only, which jurisdiction shall extend to * * * ; *criminal cases* on questions of law alone, whenever * * * a *fine* exceeding three hundred dollars ($300) is actually imposed." Art. 81.

If, as claimed by relator, the suit, or proceeding referred to, be "*a criminal case,*" in the sense of the constitutional article last referred to, respondents are without jurisdiction, and the alternative writ must be made peremptory; not otherwise.

From the record, it appears that relator inaugurated the proceeding in question, against the railroad company, under and in pursuance of the provisions of Act 118 of 1890, for the purpose of recovering therefrom the pecuniary penalty denounced in the act against "any railroad company violating the provisions thereof." Sec. 2, Act 118 of 1890, p. 160.

Section one of that act declares, "that all railroad companies, throughout the State of Louisiana, are hereby required to put up bulletin boards in a conspicuous place, at all regular and way stations, where they have a telegraph operator, * * and to keep them up continuously, and keep posted thereon, for the information of the traveling public, * * the time of the arrival and departure of all regular trains," etc.

Section two declares, "that any railroad company violating the provisions of this act, without just cause, shall, for each offence, pay a fine of not less than one hundred ($100) dollars, nor more than five hundred dollars, to be recovered in any court of competent jurisdiction within the parish where said violation may take place."

On the face of the statute, we are of opinion that the law-giver did not contemplate the collection, or recovery, of the *fine* thereby imposed by means of a *criminal* proceeding.

It provides that any railroad company violating the provisions, "*without just cause,*" shall pay a fine.   That phrase is not of the essence of a criminal statute, as it appears to involve judgment and

discretion, on the part of the railroad company, in determining the justness of the " cause " of its neglect in the premises.

It further provides that, in case of non-payment by the railroad company, such fine may be "recovered" from said company; and that must mean by execution against the company's property. It further provides that such fine may " be recovered in any court of competent jurisdiction within the parish where said violation may take place;" and that provision leads irresistibly to the conclusion that there is more than one court in each parish of the State competent to test the justness of the company's cause of dereliction, and to assess the fine, in case the cause assigned is not found just; and which fine shall be " not less than one hundred ($100) dollars, and not more than five hundred ($500) dollars."

In country parishes, like Natchitoches is, the only courts possessing the necessary civil jurisdiction to award such recovery, are the District Courts (Const., Art. 109) and justices of the peace (Art. 125).

And the only courts possessing the necessary criminal jurisdiction to assess such fines, are the District Courts, as they "have unlimited original jurisdiction in all criminal   *   *   *   matters" (Const., Art. 109), justices of the peace therein being given only " criminal jurisdiction as committing magistrates." Art. 126.

It is manifest that, as a committing magistrate in a criminal proceeding, a justice of the peace could not assess a fine of $100; and it is equally clear that, as exercising civil functions, he could both hear and determine the " cause " assigned, and fix the amount and assess the fine. He could, also, award process for its recovery.

To construe the act in question as a criminal statute, would be to negative its provisions; or to effectually read out of it the phrase, " any court of competent jurisdiction within the parish," etc.

But, if it be accepted and treated as a criminal statute, it would seem to follow, logically and necessarily, that the District Attorney should have initiated proceedings by way of information or indictment; for the Constitution declares that " prosecutions shall be by indictment or information " (Art. 5); and "in all criminal prosecutions, the accused shall enjoy the right to a speedy trial by an impartial jury " (Art. 7).

And just here another formidable obstacle presents itself, and that is, the serious difficulty there appears to be in proceeding criminally, by indictment or information, against a corporation. The statute

under consideration deals with "*railroad companies.*" The duties that are specified in the act are imposed on the *companies*, and not upon their *officers* or *employés*. It declares that "any railroad *company* violating the provisions of this act  *  *  *  shall pay a fine," etc.

Our Code, in treating of corporations, declares that "a corporation can not commit the crime of treason, *or any other offence*, in its *corporate capacity*, although its members may be guilty of those crimes in their individual and respective capacities." R. C. C. 443.

Our Constitution, in treating of *criminal* prosecutions, appears to contemplate only *natural persons*. Articles 5, 6, 7, 8, 9, 10 and 11.

In the case referred to, relator commenced proceedings against the railroad company, by petition and citation, in the ordinary form. His petition concludes with a prayer for citation and judgment against the Texas & Pacific Railroad Company, in the sum of $1950, with 5 per cent. interest thereon, from judicial demand, and costs.

The judgment therein pronounced decrees, *inter alios*, the State of Louisiana to have and recover from the Texas & Pacific Railroad Company the sum of $600, and 5 per cent. per annum interest thereon from the date of decree, and "costs of suit."

From this judgment the defendant company prosecuted an appeal to the respondent's court, and, by it, said judgment was amended and affirmed.

Said suit and judgment, like the statute authorizing same, possess all the incidents and elements of an ordinary *civil* action and decree against a railroad corporation, for the assessment and recovery of the fine contemplated therein for its violation. The statute seems *rather* to comprehend *quasi* offences, the *gravamen* of which is fault or negligence, for the consequences of which railroad corporations may be compelled to respond *civilly*, than to offences for the commission of which *natural persons* may be *criminally* punished by fine. *Vide*, Code of Practice, 31, 32; R. C. C. 2316; Insurance Company vs. Werlein, 42 An. 1047; Knoop, Hanneman & Co. vs. Blaffer, 39 An. 23.

The following decisions are germane to the question under consideration, and support our conclusion that the statute provides a *civil* and not a *criminal* proceeding for the recovery of the fine therein provided for in case of violation. Adams vs. Woods, 2 Cranch, 386; State vs. Williams, 7 R. 266; State vs. Linton, 3 R. 55;

State vs. Thomas, 12 R. 48; State vs. Thompson, 10 An. 122; State vs. Hallen, 12 An. 677.

It is, therefore, ordered and decreed that relator's application be denied, at his cost.