MONROE, C. J.
This is an original proceeding, under article S5 of the Constitution *465 and the rules adopted by this court in pursuance of the mandate therein contained, for the disbarment of the defendant, an attorney and counselor at law, duly licensed by the court. The proceeding is instituted by the Attorney General, with whom are associated several members of the committee of the bar, appointed under rule of the court to investigate and report upon such matters and to participate in such proceedings, and they allege that defendant has been convicted of forgery and sentenced therefor to the penitentiary, and that the act so charged “constituted gross professional misconduct and lack of good moral character, within the meaning of the law and the Constitution,” and pray that he be disbarred and his license withdrawn. Defendant admits the conviction and sentence, as thus alleged, but declares:
“That he did not commit any act which constituted gross professional misconduct and lack of moral character; that, despite the verdict of the jury, the judgment and sentence of the criminal court, and the affirmance thereof by this honorable court, despite the ignominy cast upon him, despite the infamous punishment that he has undergone, he still solemnly affirms that he has done no wrong.”
He then pleads the prescription of six months, established by so much of section 2814 (986) of the Revised Statutes as reads:
“Nor, shall any person be prosecuted for any fine or forfeiture, under any law of the state, unless the prosecution for the same shall be instituted within six months from the- time of incurring such fine or forfeiture.” .
In support of the charge contained in the petition, there were offered in evidence a certified copy of the proceedings in the criminal district court leading to defendant’s conviction and sentence, and the opinion and decree of this court, affirming the same.
[1] Defendant offered no evidence. We take judicial notice that the record of this court upon which our opinion and decree, so offered, are based, shows that defendant was convicted of forging the signature of a person whom he was, at that time, representing, in his professional capacity, and who was acting under his advice with reference to the instrument upon which the forgery was committed, and that, without the consent of his client, he appropriated to his own use the proceeds of that instrument.
[2] The prescription of six months was-pleaded in the similar case of State v. Fourchy, 106 La. 755, 31 South. 325, and was held to be inapplicable. We are still of that opinion.
It is therefore adjudged and decreed that the license heretofore issued to the defendant, Thompson B. Walker, be withdrawn and annulled, and that he be deprived of his status and privileges as an attorney and counselor at law and disbarred from the practice of the legal profession before the courts of this state. It is further decreed that he pay the costs of this proceeding.
SOMMERYILLE, J., takes no part.