19 So.2d 221

McHUGH, Com'r of Conservation, v. PLACID OIL CO.

SAME v. HUNT.

Nos. 37300, 37301.

June 26, 1944.

Rehearing Denied July 14, 1944.

Fred S. LeBlanc, Atty. Gen., and Edward L. Gladney, Jr., Sp. Asst. Atty. Gen., for appellant.

J. R. Goff and Blanchard, Goldstein, Walker & O'Quin, all of Shreveport, for defendants and appellees.

HIGGINS, Justice.

These are two proceedings in which the State Commissioner of Conservation seeks to obtain separate judgments against the defendants in the sums of $302,000 and $79,000, respectively, as penalties for alleged willful and intentional violations of the provisions of Section 17 of Act 157 of 1940 between the dates of December 1, 1941, and June 1, 1942, in producing oil from wells drilled by them in the Parish of LaSalle and delivering and transporting quantities of it in excess of the allowables fixed for those wells by orders of the Commissioner of Conservation. The petitioner alleges that the defendants' unlawful acts or offenses were first made known to him on August 20, 1942, and the transcript shows that both suits are based entirely on alleged offenses and were filed on May 27, 1943. It appears that the excess oil was used in drilling operations.

Each of the defendants filed a plea averring that the actions based on violations of the penal statute were barred or perempted because the prosecution for the penalty, fine, or forfeiture was not instituted within six months from the time the penalty, fine, or forfeiture was allegedly incurred, as provided by Section 986 of the Revised Statute, as amended by Act 67 of 1926.

The pleas were sustained by the trial judge and the plaintiff appealed.

As the identical issue is involved in each of the cases, they were consolidated in this Court.

The relevant part of Section 17 of Act 157 of 1940 reads:

"Any person who knowingly and willfully violates any provision of this Act, or any rule, regulation, or order of the Commissioner made hereunder, shall, in the event a penalty for such violation is not otherwise provided for herein, be subject to a penalty of not to exceed One Thousand ($1,000.00) Dollars a day for each and every day of such violation, and for each and every act of violation, such penalty to be recovered in a suit in the district court of the parish where the defendant resides, or in the parish of the residence of any defendant if there be more than one defendant, or in the district court of the parish where the violation took place. * * *"

There is a provision in the statute defining the word "person" so as to include corporations.

It will be observed that the penalty provided for in the statute is for the purpose of inflicting punishment upon the violator of its provisions or any rule, regulation, or order of the Commissioner of Conservation made thereunder. The money to be recovered is not for restitution, compensation or indemnification but is strictly a penalty, fine or forfeiture imposed as a punishment for willful disobedience of the law.

Revised Statute 986, as amended and reenacted by Act 67 of 1926, reads, in part, as follows:

"No person shall be prosecuted, tried or punished for any offense, wilful murder * * * excepted, unless the indictment or presentment for the same be found or exhibited within one (1) year next after the offense shall have been made known to a public officer having the power to direct a public prosecution. Nor shall any person be prosecuted for any fine or forfeiture under any law of this State unless the prosecution for the same shall be instituted within six months of the time of incurring such fine or forfeiture."

It will be noted that the first part of the paragraph dealing with prescription of offenses, expressly states that the indictment or presentment for the same must be found or exhibited within one year. On the contrary, the latter part of the paragraph relating to fine and forfeiture fixes the prescriptive period at six months and does not contain the words "indictment or presentment" but the words "prosecuted" and "prosecution", which are general enough to include and cover both criminal and civil proceedings. 50 C.J. 795.

In the case of Adams v. Woods, 2 Cranch 336, 337, 2 L.Ed. 297, the statute to be construed read as follows:

" 'That no person or persons shall be prosecuted, tried or punished for treason or other capital offense aforesaid, willful murder or forgery excepted, unless the indictment for the same shall be found by a grand jury within three years next after the treason or capital offense aforesaid shall be done or committed: Nor shall any person be prosecuted, tried or punished for any offense not capital, nor for any fine or forfeiture under any penal statute, unless the indictment or information for the same shall be found or instituted within two years from the time of committing the offense, or incurring the fine or forfeiture aforesaid: Provided, that nothing herein contained, shall extend to any person or persons fleeing from justice.' "

In holding that the statute was applicable to a civil action to recover a penalty, Chief Justice Marshall, as the organ of the United States Supreme Court, on February 18, 1805, said:

"This is an action of debt brought to recover a penalty imposed by the act, entitled 'an act to prohibit the carrying on the slave trade from the United States to any foreign place or country.'

"It was pleaded in bar of the action, that the offense was not committed within two years previous to the institution of the suit. To this plea the plaintiff demurred, and the circuit court being divided on its sufficiency, the point has been certified to this court.

"In the argument, the plaintiff has rested his case on two points. He contends,

"1st. That the act of Congress, pleaded by the defendant, is no bar to an action of debt.

"2d. That if it be a bar, it applies only to the recovery of penalties given by acts which existed at the time of its passage.

"The words of the act are, 'nor shall any person be prosecuted,' &c., Vol. 1, p. 114. It is contended that the prosecutions limited by this law, are those only which are carried on in the form of an indictment or information, and not those where the penalty is demanded by an action of debt.

"But if the words of the act be examined, they will be found to apply not to any particular mode of proceeding, but generally to any prosecution, trial, or punishment for the offense. It is not declared that no indictment shall be found, or information filed, for any offense not capital, or for any fine or forfeiture under any penal statute, unless the same be instituted within two years after the commission of the offense. In that case the act would be pleadable only in bar of the particular action. But it is declared, that 'no person shall be prosecuted, tried, or punished,'—words which show an intention, not merely to limit any particular form of action, but to limit any prosecution whatever.

"It is true that general expressions may be restrained by subsequent particular words, which show that in the intention of the legislature, those general expressions are used in a particular sense: and the argument is a strong one, which contends

that the latter words describing the remedy, imply a restriction on those which precede them. Most frequently they would do so. But in the statute under consideration, a distinct member of the sentence, describing one entire class of offenses, would be rendered almost totally useless by the construction insisted on by the attorney for the United States. Almost every fine or forfeiture under a penal statute, may be recovered by an action of debt as well as by information; and to declare that the information was barred while the action of debt was left without limitation, would be to attribute a capriciousness on this subject to the legislature, which could not be accounted for; and to declare that the law did not apply to cases on which an action of debt is maintainable, would be to overrule express words, and to give the statute almost the same construction which it would receive if one distinct member of the sentence was expunged from it. In this particular case, the statute which creates the forfeiture does not prescribe the mode of demanding it; consequently, either debt or information would lie. It would be singular if the one remedy should be barred and the other left unrestrained.

"In support of the opinion, that an act of limitations to criminal prosecutions can only be used as a bar in cases declared by law to be criminal at the time the act of limitations was passed, unless there be express words extending it to crimes to be created in future. Cunningham's Law Dictionary has been cited.

"The case in Cunningham is reported in 1 Salk. and 5 Mod. and seems to be found-

ed on the peculiar phraseology of the statute of the 21 of James 1 directing informations to be filed in the county in which the offenses were committed. That statute was exponded to extend only to offenses, which at the time of its passage were punishable by law. But the words of the act of congress plainly apply to all fines and forfeitures under any penal act, whenever that act might pass. They are the stronger because not many penal acts were at that time in the code.

"In expounding this law, it deserves some consideration, that if it does not limit actions of debt for penalties, those actions might, in many cases, be brought at any distance of time. This would be utterly repugnant to the genius of our laws. In a country where not even treason can be prosecuted after a lapse of three years, it could scarcely be supposed that an individual would remain forever liable to a pecuniary forfeiture."

The policy of the law has always been to provide some period of limitation beyond which a person could not be subjected to a fine or forfeiture, and the holding in Adams v. Woods, supra, was reiterated in Gompers v. U. S., 233 U.S. 604, 34 S.Ct. 693, 58 L.Ed. 1115.

The plaintiff contends that since this is an action, civil in form, the provisions of Revised Statute 986, as amended, are inapposite, because they relate solely and exclusively to a strict criminal prosecution, particularly since the title of Act 67 of 1926 states that it is an act "relative to the prescription of criminal offenses."

In U. S. v. Chouteau, 102 U.S. 603, 26 L.Ed. 246, 249, it was held that although the penalty may be recovered in a civil suit, as well as in a criminal proceeding, it is still a punishment for the infraction of the law and that the word penalty conveys the thought and idea of punishment, the character of which is not changed by the method through which it is imposed whether by a civil action or a criminal prosecution.

In the case of U. S. v. Joles et al., D.C., 251 F. 417, 419, the action was to recover the penal sums of bonds voluntarily given in connection with the revenue laws. In deciding that it was a suit to recover a penalty or forfeiture and barred by the statutes of limitation relating to that type of action, the Court said:

"It seems to me that the question must depend upon the character of the liability sought to be enforced. If it is based upon a loss sustained by the plaintiff, and is awarded as compensation for injury done, it is not a forfeiture or penalty, even though the amount awarded may exceed the damages proved. Brady v. Daly, 175 U.S. 148, 154, 155, 20 S.Ct. 62, 44 L.Ed. 109. On the other hand if the sum claimed has no relation whatever to any loss sustained by the plaintiff, but is arbitrarily exacted for some act or omission of the defendant, it would be essentially penal. Wisconsin v. Pelican Ins. Co., supra [127 U.S. 265, 8 S.Ct. 1370, 32 L.Ed. 239]."

In City of Shreveport v. Bayse et al., 166 La. 689, 117 So. 775, it was held that a fine imposed for the violation of a municipal ordinance might be collected by civil process, even when the ordinance provided no alternative penalty in the event of non-payment.

Statutory provisions for the collection by civil process of a fine imposed upon conviction for a violation of a penal statute are not unusual. Section 4, Act 25 of 1892; Section 24, Act 267 of 1914; Art. 6, § 6, Constitution of 1921; State ex rel. Milling v. La. Pub. Service Commission, 154 La. 752, 98 So. 175; Act 118 of 1890 and State ex rel. Scarborough v. Judges, 43 La.Ann. 1164, 10 So. 253.

In 36 C.J.S., Fines, § 4, page 783, we find:

"Although the recovery may be sought in the form of a civil action such a proceeding in nature and effect is a proceeding for the punishment of a criminal offense and should substantially adhere to the essential principles governing such proceedings. * * *"

In La-Franca v. U. S., 5 Cir., 37 F.2d 269, 270, it is stated:

"The use of the word 'prosecution' in describing what is barred by a conviction for a violation of one of the laws referred to in the above set out provision is consistent with the absence of intention to refer only to proceedings commenced by an indictment or information, or on the criminal side of a court. In ordinary usuage, that word has different meanings when used in different relations. It properly may be used to describe or include a proceeding on the civil side of a court. Salinger v. Loisel, 265 U.S. 224, 236, 44 S.Ct. 519, 68 L.Ed. 989. * * * A penalty imposed

for criminal misconduct is none the less punitive by reason of the fact that it may be enforced by a proceeding civil in form."

See also Gompers v. United States, supra.

In Volume 12, Annotated Cases, page 175, we find:

"In a large majority of the jurisdictions wherein the courts have passed upon the question whether the nature or the form of an action determines the particular statute of limitation applicable thereto, the rule is that the nature of the cause of action is the test. It will be found, however, that in those jurisdictions the common-law forms of action have been abolished."

 The above rule was recognized in this State in the case of Shepard Realty Co., Inc., v. United Shoe Stores Co., Inc., 193 La. 211, 217, 190 So. 383, 384, where the Court held:

"The settled rule is that the character of the action determines the prescription applicable thereto. Antoine v. Franichevich, 184 La. 612, 167 So. 98, and the cases there cited. To determine the character of the action it is necessary to consider the facts on which the action is based and plaintiff's pleadings and the documents annexed thereto."

In Boyd v. U. S., 116 U. S. 616, 6 S.Ct. 524, 534, 29 L.Ed. 746, 753, it was stated:

"We are also clearly of opinion that proceedings instituted for the purpose of declaring the forfeiture of a man's property by reason of offenses committed by him, though they may be civil in form, are in their nature criminal. In this very case,

the ground of forfeiture, as declared in the twelfth section of the act of 1874, on which the information is based, consists of certain acts of fraud committed against the public revenue in relation to imported merchandise, which are made criminal by the statute; and it is declared, that the offender shall be fined not exceeding $5,000, nor less than $50, or be imprisoned not exceeding two years, or both; and in addition to such fine such merchandise shall be forfeited. These are the penalties affixed to the criminal act; the forfeiture sought by this suit being one of them. If an indictment had been presented against the claimants, upon conviction the forfeiture of the goods could have been included in the judgment. If the government prosecutor elects to waive an indictment, and to file a civil information against the claimants,—that is, civil in form,—can he by this device take from the proceeding its criminal aspect and deprive the claimants of their immunities as citizens, and extort from them a production of their private papers, or, as an alternative, a confession of guilt? This cannot be. The information, though technically a civil proceeding, is in substance and effect a criminal one. As showing the close relation between the civil and criminal proceedings on the same statute in such cases we may refer to the recent case of Coffey v. U. S. [116 U.S. 436, 6 S.Ct. 437, 29 L. Ed. 684], in which we decided that an acquittal on a criminal information was a good plea in bar to a civil information for the forfeiture of goods arising upon the same acts. As, therefore, suits for penalties and forfeitures, incurred by the com-

mission of offenses against the law, are of this quasi criminal nature, we think that they are within the reason of criminal proceedings for all the purposes of the fourth amendment of the constitution, and of that portion of the fifth amendment which declares that no person shall be compelled in any criminal case to be a witness against himself; * * *."

In the case of Dunson v. Baker, 144 La. 167, 80 So. 238, 239, the question was whether or not the word "offense" used in the Revised Statute also included offenses against city ordinances. In holding that it did, the Court said:

"The word 'offense' in the section [864 R.S.] is there used in its ordinary, and not in a technical or legal, sense. It means an infraction of the law. The word is indiscriminately used for indictable crimes and for misdemeanors. Generally, it includes every act or omission for which a fine, forfeiture, or punishment is imposed by law. The objection was properly disposed of." (Brackets ours.)

See, also, State v. Delovisio, 144 La. 481, 80 So. 666.

■ It is said that this case does not involve a criminal offense because this is simply a civil proceeding to collect a penalty, fine or forfeiture and, therefore, to construe the provisions of the statute to cover this proceeding would make the body of the statute broader than its title. This argument fails to take into consideration the distinction between a true civil action or an action of a civil nature and a proceeding which is merely civil in form, the character of which is to be determined by the liability sought to be imposed. While it is true that the proceeding authorized by Act 157 of 1940 is civil in form in the sense that it is not commenced by indictment or information, it is unquestionably a proceeding solely to enforce the punishment or penalty therein provided for by fine or forfeiture for a violation of the law, or an offense. It is significant that counsel for plaintiff in his cross-examination of defendants' witness repeatedly referred to the defendants' alleged acts as offenses committed in violation of the law. This is undisputably a proceeding of a criminal nature or character because the sole basis of the action is alleged acts in violation of the penal statute. State v. Cook, La.App., 13 So.2d 473, Id., 203 La. 95, 13 So.2d 478.

We are asked to impose a penalty of $1,000 per day for each and every day of such violation and for each and every act of violation said to have been committed by the defendants. If the plaintiff were successful, we would have to render judgments imposing fines or forfeitures for the violations of the statute, and the orders of the Conservation Commission. This is undoubtedly the punishment for the infractions of the penal law.

■ The words "criminal offense" used in the title of Act 67 of 1926 are sufficiently general to include violations of the law of a criminal nature or character and therefore the body of the statute is not broader than its title.

■ We quote with approval from the opinion of our learned brother below:

"The word 'penalty' is broader than the word 'fine'. A fine is always a penalty, but a penalty may be a fine or it may designate some other form of punishment. It appears, therefore, that it may properly be determined, under the jurisprudence of this State, that a fine is a pecuniary exaction, imposed as a punishment for violation of the law, and collectible by proceedings of public authority either Criminal or Civil in form. Under that definition, the penalty sought in this case is a fine or forfeiture.

　\*　　\*　　\*　　\*　　\*　　\*

■■■ "In determining whether or not a limited or extended meaning should be accorded the words 'prosecution' and 'prosecuted', it is proper to consider the purpose and apparent designed effect of the statute in which they are used. The apparent intent of the statute is to relieve all persons from the necessity of defending themselves against attempts to impose pecuniary punishment after a lapse of six months time from the occurrence of the act which is sought to be punished.

"The Act does not in words attempt to restrain any particular officers or to limit any type of action. The apparent intent is to require prompt action against alleged offenders so that a person charged with an offense, after a time, may be relieved of the worry and interference with his normal activity attendant upon a possible prosecution. Such reasons apply with equal force to the putting at end of a prosecution in Civil form as to a proceeding in Criminal form. The same purpose is sought by the prosecuting authority, and the same effect is threatened against the person prosecuted,

in either instance, viz: The imposition of pecuniary punishment for a transgression of the law. In the light of the basic liability sought to be enforced, the terms 'prosecuted' and 'prosecution' will be deemed to include an action such as this, civil in form, seeking to impose a fine or penalty upon the alleged offender.

　\*　　\*　　\*　　\*　　\*　　\*

■■■ "It would appear, basically, that any act or omission forbidden and penalized by law, as against the aggregate interest of society as a whole, is a criminal offense, regardless of the mode provided by statute for prosecuting same. Again the apparent design of the prescriptive statute would indicate the propriety of attaching a broad rather than a limited construction to the words, 'criminal offenses'. It is not therefore considered that the title of Act 67 of 1926 limits the prescription to a case in which the proceeding is criminal in form.

　\*　　\*　　\*　　\*　　\*　　\*

■■■ "Counsel for plaintiff contends that the doctrine of ejusdem generis, applied to Act 67 of 1926, indicates that the sentence providing six months prescription of prosecution for fines or forfeitures applies only to proceedings in technical criminal form. The preceding sentence, establishing a one year prescription for certain offenses, provides that the prescription shall be interrupted only by the finding or exhibiting of an indictment or presentment. Counsel apparently contends that the requirement of the finding of an indictment or presentment in the first defined prescriptive statute, will be extended as a limita-

tion upon the more general requirement provided with respect to the second prescription.

■ "The doctrine of ejusdem generis is not a hard and fast rule, but may merely be considered, along with all other pertinent considerations, in arriving at the true meaning of the phrases and words involved. It would seem that to construe the Legislative intent to limit the effect of a general statement to that of a preceding specific statement, it would be necessary that the Legislature should have had a choice as between a limited and general meaning regarding the subject matter of the specific statement. That choice did not exist in this instance. The punishment of all offenses, other than fines and forfeitures, by any process other than that initiated by indictment, information or criminal affidavit, is unknown to the law of Louisiana. It is only with respect to fines and forfeitures, i. e., the imposition of pecuniary penalties, that proceedings in Civil form are authorized.

"Rather than apply the doctrine ejusdem generis, it would seem more logical to infer that the Legislature intended to establish, by one statute, prescriptions applying to all efforts on the part of public authority, to bring any persons to trial and punishment, for any and all violations of law. In that light, it can be understood why the language of the Act establishing a one year prescription would indicate that it dealt with prosecutions based upon indictments and other presentments, whereas that part establishing the six months prescription inferred no such limitation as to

the type of action contemplated. The offenses governed by the one year prescription can only be prosecuted by indictment or other presentments, hence all were governed by the specific language used. On the other hand, some fines and forfeitures may be imposed by indictment or other presentment, while in special instances some fines and forfeitures may be imposed by proceedings in civil form. The generalized statement was therefore necessary in order to establish a prescription covering all fines and forfeitures.

"The construction which is being placed herein upon this prescriptive statute, is fortified by the fact that apparently no other prescription has been provided applying to actions, civil in form, for the imposing of fines or forfeitures. It would not seem logical to presume that the Legislature intended to let such actions remain pending forever. The considerations requiring the establishment of prescription apply to all possibilities of pecuniary punishment, whether the means of prosecution be criminal or civil."

Counsel for the plaintiff has referred us to the following cases: State ex rel. Adams v. Rightor, 49 La.Ann. 1015, 22 So. 195; State v. Fourchy, 106 La. 743, 31 So. 325; State v. Walker, 141 La. 464, 75 So. 207; and In re Kenner, 178 La. 774, 152 So. 520. Those authorities relate solely to disbarment proceedings against attorneys where it was expressly held that the actions were of a civil nature because they were not instituted for the purpose of inflicting punishment but to protect the public and the courts by preventing unworthy

and unqualified persons from practicing law and, therefore, Revised Statute 986 was not applicable. Clearly, they are not controlling here.

 It is our opinion that the word "penalty" as used in Section 17 of Act 157 of 1940 includes fine or forfeiture and that the words "prosecuted", "prosecution" and. "criminal offenses" as used in Revised Statute 986, as amended by Act 67 of 1926, are general and include and cover offenses prosecuted by indictment or information and offenses committed in violation of penal statutes punishable by fine or forfeiture and prosecuted through a civil remedy.

 Having reached the above conclusion, the point made by the plaintiff that Revised Statute 986, as amended by Act 67 of 1926, was repealed by Act 2 of 1928, generally known as the Code of Criminal Procedure, is without merit. Even if it be said that Article 8 of the Code of Criminal Procedure, containing similar language to that of Revised Statute 986, as amended, relates solely and exclusively to offenses prosecuted by indictment, information or affidavit, because Article 8 is found in the Code of Criminal Procedure, then it is clear that the provisions of Act 67 of 1926, amending Revised Statute 986, are broader than those contained in the Code of Criminal Procedure. Consequently, the provisions of the earlier statute are repealed by the later one only insofar as they conflict. Article 582, Code of Criminal Procedure. This leaves in effect the part of the earlier statute applicable to a civil action prosecuted for the purpose of collecting a pen-alty, fine or forfeiture for an offense or a violation of a penal statute.

It is our view that the trial judge properly sustained the pleas in bar.

For the reasons assigned, the judgments appealed from are affirmed, at appellant's costs.

PONDER, J., takes no part.

O'NIELL, Chief Justice (dissenting).

The Commissioner of Conservation is suing each of the defendants for a penalty under Section 17 of Act 157 of 1940 for producing oil in excess of the quantity allowed by the orders of the Commissioner, and for transporting the oil by way of a pipe line. One of the defendants, H. L. Hunt, domiciled in Texas, is engaged in the production of oil in Louisiana. The other defendant, the Placid Oil Company, is a Delaware corporation, owning and operating in Louisiana a pipe line transporting crude oil, and particularly the oil produced by the defendant H. L. Hunt. The Commissioner alleged in his petition in each case that the act of producing and transporting the oil in excess of the quantities allowed by his orders was not known to or discovered by the Department of Conservation or by anyone responsible for the institution of this suit until August 20, 1942. The suits were filed on May 27, 1943, that is, nine months and one week after the Department of Conservation discovered the excessive production and transportation of the oil. The defendant in each case pleaded that the suit was barred by the prescription of six months, as provided

by Section 986 of the Revised Statutes, as amended, and that the suit was barred also by the prescription of one year under the same section of the Revised Statutes, as amended. The judge overruled the plea of prescription of one year but sustained the plea of prescription of six months, in each case, and dismissed the suits at the Commissioner's cost. The judge stated in his reasons for judgment that the plea of prescription of one year was not urged by the defendants in either case either in oral argument or in the briefs. In the judgment rendered in each case the judge declared that the plea which he maintained was the prescription of six months, as provided by section 986 of the Revised Statutes, as amended by Act 67 of 1926.

The only question is whether the prescription of six months provided for in Section 986 of the Revised Statutes, as amended by Act 67 of 1926, is applicable to a civil suit. My opinion is that the prescription provided for in this section of the Revised Statutes was and is applicable only to a criminal prosecution. The provisions of this section of the Revised Statutes of 1870 were enacted originally as Section 10 of Act 121 of 1855, generally known as the "Crimes Act," and bearing the title "An Act Relative to Criminal Proceedings." The statute was in the nature of a Code of Criminal Procedure containing 73 sections. Section 10 was as follows:

"That no person shall be prosecuted, tried, or punished for any offence, wilful murder, arson, robbery, forgery, and counterfeiting excepted, unless the indictment or presentment for same be ·found or exhibited within one year next after the offence shall have been made known to a public officer having the power to direct the investigation or prosecution. Nor shall any person be prosecuted for any fine or forfeiture, under any law of this State, unless the prosecution for the same shall be instituted within six months from the time of incurring such a fine or forfeiture. Nothing herein contained shall extend to any person absconding or fleeing from justice."

From the title of the Crimes Act, Act 121 of 1855, and from the phraseology of section 10 of the act itself, it is not reasonable to believe that this section was intended to have application to a civil suit.

Section 10 of the Crimes Act was reproduced verbatim, as Section 11, in a chapter entitled "Criminal Proceedings", in the Revised Statutes of 1856, on page 161. The reproduction of section 10 of the Crimes Act, in the Revised Statutes of 1856, is in exactly the same words as in the original Crimes Act. The chapter entitled Criminal Proceedings, commencing on page 157 of the Revised Statutes of 1856, follows immediately a chapter entitled "Crimes and Offenses", commencing on page 134. The two chapters, therefore, furnished, respectively, a criminal code and a code of criminal procedure. ·Section 11 of the chapter entitled "Criminal Proceedings" was not at all applicable or appropriate to a civil suit. That section was retained, verbatim, as Section 986, in the chapter entitled "Criminal Proceedings," in the Revised Statutes of 1870—thus:

"No person shall be prosecuted, tried or punished for any offense, willful murder, arson, robbery, forgery, and counterfeiting excepted, unless the indictment or presentment for the same be found or exhibited within one year next after the offense shall have been made known to a public officer having the power to direct the investigation or prosecution. Nor shall any person be prosecuted for any fine or forfeiture, under any law of this State, unless the prosecution for the same shall be instituted within six months from the time of incurring such a fine or forfeiture: Nothing herein contained shall extend to any person absconding or fleeing from justice."

By Act 50 of 1894, the Legislature amended Section 986 of the Revised Statutes so as to make the prescription of one year not applicable to cases where a person indicted for murder, arson, robbery, forgery, or counterfeiting is convicted of a less serious offense. As amended and re-enacted Section 986 was made to read as follows:

"That section nine hundred and eighty-six (986) of the Revised Statutes be, and is hereby amended and re-enacted so as to read: No person shall be prosecuted, tried or punished for any offense, wilful murder, arson, robbery, forgery and counterfeiting excepted, unless the indictment or presentment for the same be found or exhibited within one year next after the offense shall have been made known to a public officer, having the power to direct a public prosecution. Nor shall any person be prosecuted for any fine or forfeiture under any law of this State, unless the prosecution for the same shall be instituted within six months of the time of incurring such a fine or forfeiture. Nothing herein contained shall extend to any person absconding or fleeing from justice. Nor shall the prescription and exemption hereinbefore provided apply to any conviction of a lesser crime or offense, under an indictment for wilful murder, arson, robbery, forgery or counterfeiting, but on the contrary such prescription or exemption shall not be pleadable against such an offense."

It is not at all likely that the Legislature intended that this sentence in this re-enactment of Section 986, "Nor shall any person be prosecuted for any fine or forfeiture under any law of this State, unless the prosecution for the same shall be instituted within six months of the time of incurring such a fine or forfeiture," should be excepted from the statute, or be extracted bodily from its appropriate surroundings, and thus be rendered applicable to a civil suit. The argument of the defendants that this sentence, concerning the prescription of six months, can be made applicable to a civil suit by shaking off all that is said before and after this sentence, in Section 986 of the Revised Statutes, is not much more plausible than their plea—which they seem to have abandoned—that the prescription of one year, provided for in the sentence preceding the one which they have excerpted, is applicable to this civil suit.

By Act 73 of 1898 Section 986 of the Revised Statutes was amended by substituting for the phrase "having the power to direct the investigation or prosecution" the

phrase "having the power to direct a public prosecution", and by adding the following paragraph:

"In all criminal prosecutions for any crime or offense an indictment found, or an information filed, before prescription has from any cause accrued, shall have the effect of interrupting prescription; and if said indictment or information be quashed, annulled, or set aside, or a nolle prosequi entered, prescription shall begin to run against another ·indictment or another information based on the same facts, only from the time that said original indictment or said original information was quashed, annulled, or set aside, or a nolle prosequi entered; and the prescription and exemption hereinabove provided shall not apply to any conviction under said other indictment, but, on the contrary, said prescription or exemption shall not be pleaded against such offense."

We come now to the statute which the court is applying to this civil suit, in the prevailing opinion in this case; that is, Act 67 of 1926, amending and re-enacting Section 986 of the Revised Statutes of 1870. The title and text of Act 67 of 1926 show plainly that the excerpt which the court is applying now to a civil suit is not any more applicable than it was before 1926,—thus:

"An Act to amend and re-enact Section Nine Hundred and Eighty-six (986) of the Revised Statutes of Louisiana of the year Eighteen Hundred and Seventy (1870), as amended and re-enacted by Act No. 50 of 1894 and Act No. 73 of 1898, *relative to the prescription of criminal offenses.* [The italics are mine.] * * *

"Section 986. No person shall be prosecuted, tried or punished for any offense, wilful murder, arson, rape, robbery, forgery and counterfeiting excepted, unless the indictment or presentment for the same be found or exhibited within one (1) year next after the offense shall have been made known to a public officer having the power to direct a public prosecution. Nor shall any person be prosecuted for any fine or forfeiture under any law of this State unless the prosecution for the same shall be instituted within six months of the time of incurring such fine or forfeiture.

"Provided, that in all capital cases, where an *indictment or presentment* has been found or exhibited, and in all cases where an indictment or presentment has been found or an information has been filed, for the commission of felonies less than capital, it is hereby made the duty of the district attorneys, or other prosecuting officers, of the State to nolle prosequi such cases if a period of six ·(6) years has elapsed from the date of the finding of such indictment or presentment or the filing of an information; and in the case of all lesser offenses, where a period of two (2) years has elapsed from the date· of the finding of an indictment or presentment, or the filing of an information, if the accused has not been brought to trial within the aforesaid periods on such indictments, presentments or informations.

"Provided, further, that nothing herein contained shall extend to any accused person who has absconded, or who is a fugitive from justice, or who has escaped trial under any indictment, presentment or in-

formation for the aforesaid periods of six (6) and two (2) years, respectively, through dilatory pleas of any character, or legal continuances obtained by him for any cause whatsoever.

"Provided, further, in all criminal prosecutions for any crime or offense an indictment or presentment found, or any information filed, before the prescription of one (1) year herein provided for has accrued, shall have the effect of interrupting such prescription; and if said indictment, presentment, or information be quashed, or annulled, or set aside, or a nolle prosequi entered, the aforesaid prescription of one (1) year [shall] begin to run against another indictment, presentment or information based on the same facts only from the time that said original indictment, presentment or information was quashed, set aside, annulled or nolle prosequied; provided, that all felonies, capital or otherwise, shall prescribe in six (6) years from the date of the original indictment or presentment; and all lesser offenses shall prescribe in two (2) years from the date of the original indictment, presentment or information, and shall be nolle prosequied by the district attorneys, or other prosecuting officers, of the State, as hereinabove provided for, and subject to the exceptions hereinabove stipulated that such failure to prosecute shall not be attributable to the absconding or flight of the accused, or to dilatory pleas filed by him, or to legal continuance obtained by him within such periods of six (6) and two (2) years, respectively."

I cannot imagine how the Legislature in the Session of 1926 could have intended that the last sentence in the first paragraph of Section 986 of the Revised Statutes, as amended at that session—"Nor shall any person be prosecuted for any fine or forfeiture under any law of this State unless the prosecution for the same shall be instituted within six months of the time of incurring such fine or forfeiture"—should be excerpted, or extracted bodily from its surroundings, and thus be made applicable to a civil suit.

The provisions of Section 986 of the Revised Statutes as amended by Act 67 of 1926 were reproduced, substantially, as Article 8 of the Code of Criminal Procedure, which was adopted by Act 2 of 1928. I have no doubt that the Legislature, in its session of 1928, in adopting the Code of Criminal Procedure, considered Section 986 of the Revised Statutes, as amended by Act 67 of 1926, as having reference only to criminal prosecutions. I say this because the Legislature in its session of 1928 could not have intended that the lawyers should look into the Code of Criminal Procedure for a statute of limitation having application to a civil suit.

On this subject, I respectfully dissent particularly from the following pronouncements on the last page of the prevailing opinion in this case [19 So.2d 229]:

"Having reached the above conclusion, the point made by the plaintiff that Revised Statute 986, as amended by Act 67 of 1926, was repealed by Act 2 of 1928,

generally known as the Code of Criminal Procedure, is without merit. Even if it be said that Article 8 of the Code of Criminal Procedure, containing similar language to that of Revised Statute 986, as amended, relates solely and exclusively to offenses prosecuted by indictment, information or affidavit, because Article 8 is found in the Code of Criminal Procedure, then it is clear that the provisions of Act 67 of 1926, amending Revised Statute 986, are broader than those contained in the Code of Criminal Procedure. Consequently, the provisions of the earlier statute are repealed by the later one only insofar as they conflict. Article 582, Code of Criminal Procedure. This leaves in effect the part of the earlier statute applicable to a civil action prosecuted for the purpose of collecting a penalty, fine or forfeiture for an offense or a violation of a penal statute."

I do not see how it can be said that, if Article 8 of the Code of Criminal Procedure relates solely and exclusively to offenses prosecuted by indictment, information or affidavit, because Article 8 is found in the Code of Criminal Procedure, then it is clear that the provisions of Act 67 of 1926 amending Section 986 of the Revised Statutes are broader than the provisions of Article 8 of the Code of Criminal Procedure; and hence that the repealing clause, being Article 582, of the Code of Criminal Procedure, leaves in effect the part of the earlier statute (meaning Section 986 of the Revised Statutes as amended by Act 67 of 1926) applicable to a civil action prosecuted for the purpose of collecting a penalty, fine or forfeiture for an offense or a violation of a penal statute. One reason why the provisions of Section 986 of the Revised Statutes as amended by Act 67 of 1926 cannot be broader than the provisions of Article 8 of the Code of Criminal Procedure is found in the title of the act of 1926, "relative to the prescription of criminal offenses." And another reason is found in the title of the chapter, "Criminal Proceedings," in which Article 986 of the Revised Statutes of 1870 is contained. In fact, we may trace the evolution of Article 8 of the Code of Criminal Procedure all the way back to its origin—in Section 10 of Act 121 of 1855, called the Crimes Act, entitled "An Act Relative to Criminal Procedure"—only to find that the provisions of Section 986 of the Revised Statutes of 1870 as amended by Act 67 of 1926 could not have been any broader than the provisions of its replica —or reproduction—Article 8 of the Code of Criminal Procedure.

This article of the Code of Criminal Procedure was amended by Act 21 of the 2nd Extra Session of 1935, so as to omit "forgery" from the list of crimes that were excepted from the provisions of the article. That is the only change that was made. The article was amended again by Act 147 and by Act 323 of 1942, so as to reduce the six-year period to a three-year period, in the third paragraph of the article. But there is no indication in either of these amending acts of 1942 that the Legislature intended to excerpt from the article—and to make applicable to civil suits—the following provision: "Nor shall any person be prosecuted for any fine or forfeiture

unless the prosecution for the same shall be instituted within six months of the time of incurring such fine or forfeiture."

We must bear in mind that the six months prescription provided for in Article 8 of the Code of Criminal Procedure commences from "the time of incurring such fine or forfeiture." The prescription of one year, provided for in the same paragraph, for more serious offenses, commences from the time when the offense is made known to the judge, district attorney or grand jury having jurisdiction. But there is no such limitation on the commencement of the prescription of six months. Hence, according to the prevailing opinion in this case, the oil companies and pipe line companies may run any quantity of hot oil or gas out of the State of Louisiana, and thus deprive her of her most vital resources, with impunity, so long as the running of the hot oil is not discovered by the Department of Conservation in time to institute a suit, under the provisions of Section 17 of Act 157 of 1940, within six months from the time of running or producing the hot oil or gas.

The quotation in the prevailing opinion in this case, taken from the opinion rendered by Chief Justice Marshall in Adams, qui tam v. Woods, 2 Cranch, 336, 6 U.S. 336, 2 L.Ed. 297, is apt to be misunderstood unless it is confined to the facts of the case of Adams, qui tam v. Woods. From the title of that case it is obvious that the suit was brought by an informer to collect his share of a fine to which the defendant was subject for having violated a criminal statute. The statute was the Act of Congress

of March 22, 1794, 1 Stat. 347, "to prohibit the carrying on the Slave Trade from the United States to any foreign place or country." The penalty prescribed by the act was a forfeiture of $2,000, one-half of which was to go to the United States and one-half "to the use of him or her who shall sue for and prosecute the same." The defendant pleaded that the action of Adams to recover the forfeiture was barred by the prescription of two years under the Act of Congress of April 30, 1790, vol. 1, p. 113, which provided that no person should be prosecuted for any fine or forfeiture under any penal statute unless the indictment or information for the same should be found or instituted within two years from the time of committing the offense or incurring the fine or forfeiture The qui tam proceeding is defined in Ballentine's Law Dictionary as an action brought by a common informer to recover a statutory penalty, one part of which is given by the statute to the informer or prosecutor. It is said to be called a qui tam action because it is brought by a person who prosecutes the suit as well for the king as for himself. The theory on which the qui tam proceeding brought by Adams against Woods was held to be barred by the prescription of two years was that the right of the Government to prosecute Woods by means of an indictment or bill of information in the criminal court was barred by the prescription of two years, and hence that the right of the informer to recover a share of the forfeiture prescribed by the penal statute was also barred by prescription. The difference between that

case and this case is that the crime for which Woods was liable for a penalty or forfeiture of $2,000 was the violation of a criminal statute, for which he was subject to indictment and prosecution in the criminal court; and when the right of the Government to institute a prosecution in the criminal court became barred by prescription, the right of the informer, Adams, to recover a share of the penalty ·or forfeiture to which Woods was subject, was also, as a logical consequence, barred by the prescription of two years. That is what Chief Justice Marshall had in mind when he said [2 Cranch 341, 2 L.Ed. 297]: "It would be singular if the one remedy should be barred and the other left unrestrained." There is no provision for a criminal prosecution in the statute on which the present suit is founded, Act 157 of 1940; hence a statute such as Section 10 of Act 121 of 1855, or Section 11 of the Revised Statutes of 1856, or Section 986 of the Revised Statutes of 1870 either as originally adopted or as amended by Act 50 of 1894 or by Act 73 of 1898 or by Act 67 of 1926, or Section 8 of the Code of Criminal Procedure, either as originally adopted or as amended by Act 21 of the 2nd Extra Session of 1935 or as amended by Act 147 or by Act 323 of 1942, is not applicable to this case.

Until the Legislature sees fit to adopt a statute of limitation upon the right of action conferred upon the Conservation Department by Section 17 of Act 157 of 1940, we should adhere to the provision in Section 16 of Article XIX of the Constitution—"Prescription shall not run against the State in any civil matter, unless otherwise provided in this Constitution or expressly by law."

I put the emphasis on the phrase "in any civil matter," and upon the word "expressly," in the declaration that prescription shall not run against the State *in any civil matter*, unless it be so provided in the Constitution, or be *expressly* so provided by a statute.

Unless we can find a statute of limitation —or the Legislature will make one—more appropriate than Section 986 of the Revised Statutes, as amended by Act 67 of 1926, we should adhere to Section 16 of Article XIX of the Constitution "in any civil matter."