LOTTINGER, Judge.
This is an appeal from a judgment making fines for contempt imposed by the House of Representatives of the Legislature of Louisiana against the defendants, Sherman A. Bernard and Richard C. Britson, executory.
On June 9, 1978, defendants in response to subpoenas issued by the Subcommittee on Insurance Regulation of the House Commerce Committee appeared in the committee room. The facts are undisputed that Mr. Bernard persisted in making a statement, and then refused to honor the subpoena by remaining in the committee room until called. His assistant, Mr. Britson, concurred with Mr. Bernard and also departed the committee room.
Both defendants before leaving the committee room were advised that they would be held in contempt and offered an opportunity to present a defense. No defense was offered.
After their departure, the subcommittee held both defendants in contempt and fined Mr. Bernard $250.00 for his disruptive manner and $250.00 for failure to honor the subpoena. Mr. Britson was also fined $250.00 for failure to honor the subpoena by leaving.
Through House Resolution 18 [1], the House of Representatives adopted the actions of the subcommittee and assigned it to the House and Governmental Affairs Committee. Another hearing was called and Mr. Bernard’s attorney was present. The resolution was reported favorably, and the entire House adopted it as such.
The resolution authorized the collection of the fines along with legal interest and attorney’s fees. The trial judge held under Article III, Section 7 of the Louisiana Constitution of 1974[2] that the House of Representatives had the constitutional authority to hold the defendants in contempt and to impose punishment, the assessed fines. The court held, however, that the imposition of legal interest and attorney’s fees lay beyond the power to punish the defendants, and thus would not be eligible for enforcement under executory process.
Following the submission of their appeal to this court, appellants applied to the Louisiana Supreme Court for writs due to the uncertainty of the procedural vehicle for review of the decision of the trial court in light of Joint Legislative Committee of Legislature v. Strain, 263 La. 488, 268 So.2d 629 (1972). Writs were denied by the Supreme Court without comment on December 15, 1978.
This court on its own motion ordered the defendants-appellants to show cause why their appeal should not be dismissed based on this court’s lack of jurisdiction.
This court’s jurisdiction is defined by the Louisiana Constitution of 1974, Article V, Section 10(A) as follows:
“Section 10. (A) Jurisdiction. Except in cases appealable to the supreme court and except as otherwise provided by this constitution, a court of appeal has appellate jurisdiction of all (1) civil matters decided within its circuit and (2) matters appealed from family and juvenile courts, except criminal prosecutions of persons other than juveniles. It has supervisory jurisdiction over cases in which an appeal would lie to it.”
*1166 The Supreme Court in Joint Legislative Committee of Legislature v. Strain, supra, expressly held in a similar case that where a contempt proceeding is criminal, or at least criminal in nature, it was not appealable to the courts of appeal, for it was not a civil matter(
In determining what was criminal contempt vis-a-vis civil contempt, the Supreme Court in Strain said that “criminal contempt differs from civil contempt in that criminal contempt involves a fixed punishment for the transgression, while civil contempt is merely a means of compelling compliance with lawful orders of the court. * * In the federal system contempt of Congress is treated as a crime.”
Black’s Law Dictionary, 390 (Revised 4th Edition 1968) makes the following distinction between civil and criminal contempt:
“Contempts are also classed as civil or criminal. The former are those quasi contempts which consists in the failure to do something which the party is ordered by the court to do for the benefit or advantage of another party to the proceeding before the court, while criminal contempts are acts done in disrespect of the court or its process or which obstruct the administration of justice or tend to bring the court into disrespect. A civil contempt is not an offense against the dignity of the court, but against the party in whose behalf the mandate of the court was issued, and a fine is imposed for his indemnity. But criminal con-tempts are offenses or injuries offered to the court, and a fine or imprisonment is imposed upon the contemnor for the purpose of punishment.”
We conclude, therefore, that the refusal by both defendants to remain in the hearing room and honor the subpoenas, as well as the conduct of defendant Bernard were criminal contempts of the legislature, or at least criminal in nature.
This proceeding is one seeking to have a contempt fine imposed by the House of Representatives made executory in the form of a money judgment so as to allow the collection of the fines. See La.C.Cr.P. art. 886 providing for the enforcement of criminal fines by civil process.
We are of the opinion that the enforcement of the criminal fine by civil process is merely a continuation of the criminal proceeding wherein the fine was imposed, or at least the civil proceeding is criminal in nature.
In McHugh v. Placid Oil Co., 206 La. 511, 19 So.2d 221 (1944) our Supreme Court said:
“Although the penalty may be recovered in a civil suit, as well as in a criminal proceeding, it is still a punishment for the infraction of the law and that the word penalty conveys the thought and idea of punishment, the character of which is not changed by the method through which it is imposed whether by a civil action or a criminal prosecution.”
This court recently in State v. Dugas, 338 So.2d 132 (La.App. 1st Cir. 1976), held “that a bond forfeiture proceeding, while civil in nature, is considered to be criminal for jurisdictional purposes, * *
In response to the “show cause order,” defendants-appellants argue that the trial court assumed jurisdiction it did not have, and thus this court has jurisdiction to reverse the trial court which did not have jurisdiction. As we have above noted, the finding of contempt in this instance is criminal, or at least criminal in nature, and the civil proceeding to implement collection of the fine imposed is either a continuation of the criminal proceeding, or at least criminal in nature. Under neither situation does this court have jurisdiction to exercise its appellate or supervisory jurisdiction.
Therefore, for the above and foregoing reasons the appeal is dismissed at defendants’-appellants’ costs.
APPEAL DISMISSED.
APPENDIX A
House Resolution 18 provides:
To acknowledge, ratify and confirm the holding of Sherman A. Bernard and Richard C. Britson in direct contempt of the House of Representatives of the Louisiana Legislature, by their direct contempt of the Subcommittee on Insur- *1167 anee Regulation of the House Committee on Commerce.
WHEREAS, the Committee on Commerce is a duly created standing committee of the House of Representatives; and
WHEREAS, the Subcommittee on Insurance Regulation is a duly created subcommittee of the Commerce Committee of the House of Representatives; and
WHEREAS, said Subcommittee on Insurance Regulation of the House Commerce Committee is granted subpoena power, the power to administer oaths and the power to punish for contempt; and
WHEREAS, Sherman A. Bernard, Commissioner of Insurance, State of Louisiana on June 9, 1978 while under subpoena by that subcommittee, did contumaciously persist in vocal outbursts before that committee while he was not called as a witness, and did by such vocal outbursts disrupt said committee and prevent it from the orderly conduct of its affairs, despite the entreaty and order of its Chairman to desist in such actions; and
WHEREAS, said Sherman A. Bernard did thereafter and further leave and refuse to return to the room wherein said subcommittee was meeting, located in the State Capitol, Baton Rouge, Louisiana while under subpoena by said subcommittee and being ordered by the subcommittee to stay and appear before it; and WHEREAS, said Sherman A. Bernard did further leave said meeting room and refused to testify before the subcommittee after being afforded the opportunity to stay and offer evidence why he should not be held in direct contempt of the Subcommittee, or to offer any evidence in mitigation of said charges; and WHEREAS, Richard C. Britson, Deputy Commissioner of Insurance, State of Louisiana, did on June 9, 1978 leave and refuse to return to the room wherein said subcommittee was meeting, located in the State Capitol, Baton Rouge, Louisiana, while under subpoena by said subcommittee and being ordered by said subcommittee to stay and appear before it; and WHEREAS, said Richard C. Britson did further leave said meeting room and refused to testify before the subcommittee after being afforded opportunity to stay and offer evidence why he should not be held in direct contempt of the subcommittee, or to offer any evidence in mitigation of said charge; and
WHEREAS, the Subcommittee on Insurance Regulation of the House Commerce Committee thereafter on June 9, 1978, did hold Sherman A. Bernard in direct contempt of the subcommittee for disruptive vocal outbursts and did further hold him in direct contempt of the subcommittee for the separate and distinct act of refusing to stay and appear before the subcommittee while under subpoena; and
WHEREAS, the Subcommittee on Insurance Regulation of the House Commerce Committee on June 9, 1978, did hold Richard C. Britson in direct contempt of the subcommittee for refusal to stay and appear before the subcommittee while under subpoena; and
WHEREAS, the Subcommittee on Insurance Regulation did impose punishment on Sherman A. Bernard of a fine of two hundred fifty ($250.00) dollars for, the vocal outbursts before the committee and two hundred fifty ($250.00) .dollars for the separate and distinct act of refusing to stay and appear before the subcommittee while under subpoena and further did impose punishment on Richard C. Britson of a fine of two hundred fifty ($250.00) dollars for refusal to stay and appear before the subcommittee while under subpoena.
THEREFORE BE IT RESOLVED by the House of Representatives of the Louisiana Legislature that it does hereby take cognizance of the aforementioned action of Sherman A. Bernard and Richard C. Britson and does hereby acknowledge, ratify and confirm the actions of the Subcommittee on Insurance Regulation of the House Commerce Committee in holding said Sherman A. Bernard and Richard C. Brit-son in direct contempt of the House of Representatives of the Louisiana Legislature by such actions before said subcommittee, and assessing the above mentioned penalties for said contemptuous actions.
BE IT FURTHER RESOLVED that said fines be paid to the Clerk of the House of Representatives of the Louisiana Legislature within ten (10) days of service of this Resolution.
BE IT FURTHER RESOLVED that upon failure to pay said fines within the aforementioned time, the Clerk of the House of Representatives of the Louisiana Legislature is authorized and instructed to take action by summary civil proceedings in the Nineteenth Judicial District Court, Parish of East Baton Rouge, to collect said fines plus legal interest and reasonable attorneys fees.

. For full text of House Resolution 18 see Appendix A of this opinion.

. Article III, Section 7(B) of the 1974 Louisiana Constitution provides:
Each house may compel the attendance and testimony of witnesses and the production of books and papers before it, before any committee thereof, or before joint committees of the houses and may punish those in willful disobedience of its orders for contempt.