**David I. BROOKENS, Jr.,**
**Defendant-Appellant,**

v.

**STATE of Delaware, Plaintiff-Appellee.**

Supreme Court of Delaware.

Submitted: Sept. 12, 1983.

Decided: Sept. 21, 1983.

Timothy M. Rafferty, Hockessin, for defendant-appellant.

Kevin O'Brien, Deputy Atty. Gen., Wilmington, for plaintiff-appellee.

Before HERRMANN, C.J., and HORSEY and MOORE, JJ.

PER CURIAM:

This is an appeal from the Superior Court's dismissal on jurisdictional grounds of defendant's appeal from a conviction of reckless driving in the Court of Common Pleas.

The issue presented is whether the Trial Court's imposition of a $100.00 fine and a 15% penalty assessment pursuant to 11 *Del.C.* § 9012 satisfies the constitutional criteria of *Del. Const.* Art. IV, § 28 for a criminal appeal to the Superior Court. The Delaware Constitution limits the Superior

Court's criminal appellate jurisdiction to "all cases in which the sentence shall be imprisonment exceeding one (1) month or a fine exceeding one hundred dollars ($100.00)." *Del. Const.* Art. IV, § 28. Defendant asserts that a 15% assessment on a criminal fine of $100.00 amounts to a fine in excess of $100.00 and hence is appealable to Superior Court pursuant to Article IV, § 28 of the Delaware Constitution. We disagree.

Section 9012(a)[1] requires a court to exact a 15% "penalty assessment" on a "fine, penalty or forfeiture" imposed for a criminal offense. While the assessment is computed as a percentage of any fine, the assessment is denominated as a "penalty";[2] and the penalty is expressly stated to be imposed "[i]n addition to any fine [that] is assessed to any criminal defendant." Further, the penalty assessment operates independently of any fine, for suspension of a fine does not affect the penalty assessment. Finally,

the declared purpose of the Act creating the assessment is to provide "compensation for innocent victims of crime." 59 *Del.Laws*, c. 519. Therefore, the assessment imposed by § 9012 is compensatory and not punitive in nature.

Accordingly, we find a clear legislative intent that the "penalty assessment" provided by § 9012(a) not represent a fine or an increase in fine otherwise imposed for purposes of determining a constitutional right of criminal appeal to Superior Court under Article IV, § 28.[3]

The Superior Court's dismissal of defendant's appeal is affirmed.

---

1. Subsection (a) of § 9012 (part of the Victim's Compensation Law), captioned "Penalty assessment" provides:
   "In addition to, and at the same time as, any fine is assessed to any criminal defendant, there shall be levied an additional penalty of 15% of every fine, penalty and forfeiture imposed and collected by the courts for criminal offenses. Where multiple offenses are involved, the penalty assessment shall be based upon the total fine for all offenses. When a fine, penalty or forfeiture is suspended, in whole or in part, the penalty assessment shall not be suspended."

2. It is recognized that "the word 'penalty' is broader than the word 'fine', which is always a

penalty; whereas, a penalty may be a fine or it may designate some other form of punishment." *Black's Law Dictionary,* Fourth Edition (1951) (citing *McHugh v. Placid Oil Co.,* 206 La. 511, 19 So.2d 221, 227 (1944)).

3. We note that our decision in *Marker v. State,* Del.Supr., 450 A.2d 397 (1982), although cited by counsel for its interpretation of the term "fine", is not dispositive of the present issue. *Marker* involved this Court's jurisdiction over a criminal appeal under *Del. Const.* Art. IV, § 11(1)(b) where the defendant was sentenced to a $100.00 fine and a 30-day prison term.