JOHN R. LEE,[1] Petitioner Below, Appellant,
v.
STATE OF DELAWARE, Respondent Below, Appellee.
No. 220, 2009
Supreme Court of Delaware
Submitted: June 10, 2009
Decided: September 10, 2009
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
HENRY DuPONT RIDGELY, Justice
This 10th day of September 2009, upon consideration of the appellant's opening brief and the appellee's motion to affirm, it appears to the Court that:
(1) In June 1997, the Family Court adjudicated the 15-year old appellant, John R. Lee, delinquent of Unlawful Sexual Contact in the Second Degree.[2] In September 2008, Lee, who was then 27 years old, filed a petition to expunge his juvenile record.
(2) The Family Court's statutory authority to expunge a juvenile record is found in title 10, section 1001 of the Delaware Code. Section 1001(a) provides in relevant part that:
In any case wherein an adjudication has been entered upon the status of a child under 18 years of age and 3 years have elapsed since the date thereof and no subsequent adjudication has been entered against such child, the child or the parent or guardian may present a duly verified petition to the Court setting forth all the facts in the matter and praying for the relief provided for in this section[.][3]
(3) In this case, the Family Court denied Lee's petition for expungement on the basis that he had "subsequent adjudications/convictions." A review of Lee's criminal history, a copy of which is included in the record, reveals that Lee was convicted of several offenses between 2001 and 2008, including motor vehicle offenses, driving under the influence, failure to register as a sex offender and hindering prosecution.
(4) The Court reviews an appeal from the Family Court's granting or denying a petition for expungement of juvenile records for an abuse of discretion.[4] In this case, the record reveals no abuse of discretion on the part of the Family Court when denying Lee's petition for expungement. Due to his convictions subsequent to the 1997 adjudication of delinquency, Lee did not meet the statutory threshold criteria for consideration of an expungement.
NOW, THEREFORE, IT IS ORDERED that the appellee's motion to affirm is GRANTED. The judgment of the Family Court is AFFIRMED.
NOTES
[1] The caption reflects a pseudonym previously assigned by the Court. Del. Supr. Ct. R. 7(d).
[2] The record reflects that Lee was born in July 1981.
[3] Del. Code Ann. tit. 10, § 1001(a) (1999).
[4] State v. Fisher, 2006 WL 1374677 (Del. Supr.).