**Evan BROWN, Defendant Below–Appellant,**

v.

**STATE of Delaware, Plaintiff Below–Appellee.**

**No. 22, 2011.**

Supreme Court of Delaware.

Submitted: Nov. 30, 2011.

Decided: Feb. 8, 2012.

---

53. *Id.* at 279, 113 S.Ct. 2078.

56. *Id.*

Natalie Haskins, Esquire, of the Office of the Public Defender, Wilmington, Delaware for Appellant.

John Williams, Esquire, of the Department of Justice, Dover, Delaware for Appellee.

Before STEELE, Chief Justice, BERGER, and RIDGELY, Justices.

RIDGELY, Justice:

Defendant–Below/Appellant, Evan

Brown,[1] appeals from a Family Court sentencing order initially entered when he was a juvenile. Brown contends that the Family Court did not have the authority to sentence Brown, at the outset, to twelve months of adult probation following his juvenile commitment. Because the statute the Family Court relied upon affirmatively provides only two circumstances, not present in this case, where the Family Court may sentence a juvenile to adult probation,[2] we find that the General Assembly intended to limit the authority of the Family Court to impose adult consequences upon a juvenile. Accordingly, we reverse and remand for a correction of the sentence order.

### Background

One night, seventeen-year-old Brown obtained a BB gun from his cousin. Brown brought the gun to a friend's house. The friend's stepfather, Michael Hudgins, saw the BB gun and asked Brown if he wanted to go to a local Wawa. Brown agreed, but Hudgins instead drove them to a Walmart. In the Walmart parking lot, Brown and Hudgins approached a forty-nine-year-old woman and asked for a ride to obtain gas for their car. She agreed. While in the woman's car, Hudgins told Brown to pull out the BB gun, and the two of them robbed the woman of one hundred dollars.

Brown was charged with Robbery First Degree, Conspiracy Second Degree, and Wearing a Disguise During the Commission of a Felony. On December 16, 2010, approximately six months before his eighteenth birthday, Brown pled guilty in the Family Court to Robbery First Degree and Conspiracy Second Degree. The State entered a *nolle prosequi* on the remaining charge.

At sentencing, the Family Court extended jurisdiction over Brown until his nineteenth birthday. The Family Court then sentenced Brown to the Glen Mills School, a level IV facility for juveniles, for a minimum of twelve months, followed by ninety days of aftercare with an ankle bracelet, followed by twelve months of adult probation. When issuing the sentence for adult probation, the Family Court reasoned that Brown would be eighteen during the probation term. This appeal followed.

### Discussion

Brown contends that the Family Court lacked authority to sentence him from the outset to adult probation following his juvenile commitment. Brown failed to raise this contention below. "We generally decline to review contentions not fairly presented to the trial court for decision."[3] This Court may consider any question not so presented, however, "when the interests of justice so require."[4] Our review of Brown's sentence is for plain error.[5]

The Delaware Family Court is a Constitutional Court, pursuant to Article IV, Section 7A of the Delaware Constitution.[6] Section 7A provides that the Family Court "shall have all the jurisdiction and powers vested by the laws of this State ...."

1. The Court *sua sponte* assigned a pseudonym to the juvenile by Order dated January 19, 2011. Del.Supr. Ct. R. 7(d).

2. 10 *Del. C.* § 928.

3. *Turner v. State*, 5 A.3d 612, 615 (Del.2010) (citing Del.Supr. Ct. R. 8).

4. Del.Supr. Ct. R. 8; *Turner*, 5 A.3d at 615 (quoting *Wainwright v. State*, 504 A.2d 1096, 1100 (Del.1986)).

5. *Turner*, 5 A.3d at 615; *Cruz v. State*, 990 A.2d 409, 412 (Del.2010).

6. Del. Const. art. IV, § 7A (2005).

Thus, as with the Court of Common Pleas, the General Assembly may determine the jurisdiction and power of the Family Court by statute.[7]

The General Assembly has provided that the Family Court has original *civil* jurisdiction where a person under the age of eighteen is charged with delinquency for committing a crime.[8] Title 10, section 928 of the Delaware Code provides that the Family Court may also extend its jurisdiction over a juvenile up to the age of twenty-one in certain circumstances.[9] Here, Brown does not dispute the Family Court's authority to extend jurisdiction over him after he reaches age eighteen. Rather, he contends that the Family Court exceeded its authority by sentencing him—at the outset—to adult probation following his juvenile commitment.

 Section 928 does not expressly authorize the Family Court to initially sentence a juvenile offender to adult consequences without any subsequent review by the Family Court or further misconduct by the defendant. The statute expressly carves out two specific circumstances in which a juvenile under Family Court's extended jurisdiction may be subject to adult consequences. First, subsection (e) provides:

> In any case where extended jurisdiction is determined to be appropriate, the juvenile is found delinquent of the crime(s) giving rise to extended jurisdiction and,

further rehabilitation of the juvenile is ordered at a Level IV or V facility, review of the appropriateness of continued placement at Level IV or V shall be conducted by the Court at 6–month intervals after the juvenile's 18th birthday. *A failure to conduct a review within 30 days of a 6–month interval shall result in the Department of Correction assuming jurisdiction for purpose of placement, with a presumption that a placement at less than Level IV or V facility will be imposed ....* [10]

Thus, where the Family Court extends jurisdiction over a juvenile beyond his eighteenth birthday and fails to conduct a six-month review, the Department of Corrections is required to assume jurisdiction for the remaining term. Additionally, subsection (f) provides:

> Juveniles placed in the extended jurisdiction program shall be considered subject to the processes of the Family Court until the termination of the Court's order. *In the event that a person who has reached one's 18th birthday commits any crimes while subject to extended jurisdiction, the commission of said crime(s) shall be considered a violation of the extended jurisdiction program, subjecting said violator to any sanction the Family Court could have originally imposed upon the offense(s) giving rise to extended jurisdiction, including placement at a Level IV or V facility housing adult offenders.* Trial

**7.** Del. Const. art. IV, § 7B (2005); *Cf. Maddrey v. Justice of Peace Court 13*, 956 A.2d 1204, 1210 (Del.2008) (discussing article 4, section 7(B) of Delaware Constitution and Court of Common Pleas jurisdiction).

**8.** 10 *Del. C.* §§ 901, 921.

**9.** 10 *Del. C.* § 928. "Extended jurisdiction means that a juvenile subject to the jurisdiction of the Family Court, if found delinquent of the offense(s) giving rise to the petition,

shall be subject to the jurisdiction of the Family Court until said juvenile reaches age 21 or is discharged from jurisdiction by the Court." 10 *Del. C.* § 928(b). The Family Court determines if extended jurisdiction is appropriate based on the juvenile's need for rehabilitation, the public's right to safety, the seriousness of the offense, and the age of the juvenile. 10 *Del. C.* § 928(c).

**10.** 10 *Del. C.* § 928(e) (emphasis added).

of any person who has turned age 18 for an offense(s) committed while subject to extended jurisdiction shall be in the appropriate court as required by Delaware law. Any sentence of incarceration imposed by an adult court shall take precedent to and be in lieu of any sentence of incarceration imposed by the Family Court pursuant to extended jurisdiction for the original offense or a violation of the extended jurisdiction program.[11]

Under this provision, a juvenile who reaches age eighteen and commits a second offense while under the Family Court's extended jurisdiction may be placed in an adult correctional facility. But neither provision provides the Family Court authority to sentence a juvenile to adult consequences at the initial sentencing without subsequent review by the Family Court or criminal misconduct after the juvenile reaches age eighteen.

■ We must construe the sentencing authority of the Family Court consistent with the intent of the General Assembly as expressed by statute. The maxim of statutory interpretation "expressio unius est exclusio alterius"—the "expression of one thing is the exclusion of another"—provides that "where a form of conduct, the manner of its performance and operation, and the persons and things to which it refers are affirmatively or negatively designated, there is an inference that all omissions were intended by the legislature."[12] This maxim applies with particular force here. Section 928 affirmatively sets forth only two circumstances where the Family Court can sentence Brown to an adult penalty to follow his juvenile placement automatically. Neither is present when the initial sentence is imposed upon the

juvenile. We must therefore infer that the General Assembly did not intend for the Family Court to do what it did here—sentence a juvenile to adult probation following his juvenile commitment, without any intervening review or further criminal misconduct by the defendant.

Other provisions of the statute are consistent with this intention of the General Assembly. For juveniles who have reached their eighteenth birthday, subsection (h) defines "Level IV" and "Level V" facilities to include any home of the Department of Correction for adult offenders.[13] But this definitional section does not grant authority for the Family Court to initially sentence a defendant to such a facility immediately following his juvenile commitment. Rather, subsection (h) means that the Family Court may assign a defendant under its extended jurisdiction to an adult facility, when the court is acting pursuant to the specific grants of authority in the statute.

The General Assembly has expressly created an opportunity for the Family Court to engage in judicial review before a juvenile is transferred to adult supervision by the Department of Corrections. Jurisdiction transfers automatically to the Department of Corrections *only if* the Family Court does not conduct a six month review after the juvenile reaches age eighteen. This gives the Family Court leave to reassess the rehabilitation of the defendant and whether adult consequences are in fact appropriate under the circumstances at that time. Under the approach followed by the Family Court here, Brown had no opportunity to show rehabilitation. Brown

---

11. 10 *Del. C.* § 928(f) (emphasis added).

12. *Leatherbury, v. Greenspun*, 939 A.2d 1284, 1291 (Del.2007) (citing Norman J. Singer, Sutherland Statutes and Statutory Construc-

tion, § 4915 (3d Ed.)). *Walt v. State*, 727 A.2d 836, 840 (Del.1999).

13. *See* 10 *Del. C.* § 928(h).

was also automatically subject to adult consequences for his juvenile delinquency upon reaching age eighteen, rather than at age eighteen and one-half, as intended by the General Assembly.[14]

■ The construction we set forth today conforms with the General Assembly's overall purpose for juvenile delinquency proceedings. A Family Court adjudication of a juvenile is a distinctly civil proceeding. This Court has explained:

> The proceedings against a child are not criminal in concept or in practice. Indeed, the child is not even charged with a 'crime' no matter what the conduct. *See* 10 *Del. C.* § [1002]. In the Family Court the charge is a general one of 'delinquency.' § 921(1)(2)a.... State policy in a proceeding against a child in the Family Court is to make it entirely a part of the Court's 'civil jurisdiction,' § 921.... [15]

Thus, the proceeding is markedly different from the criminal adjudication that would occur in Superior Court, as is the nature of the penalty. The Family Court's greater emphasis on rehabilitation is manifest in section 902, which provides that the Family Court "shall endeavor to provide for each person coming under its jurisdiction such control, care, and treatment as will best serve the interests of the public, the family, and the offender ...." [16] The extended jurisdiction statute furthers that stated purpose by distinguishing juvenile from adult consequences. Because the Family Court exceeded the scope of its authority under 10 *Del. C.* § 928 in this case, we must reverse and remand for a correction of sentence.

### *Conclusion*

Accordingly, the judgment of the Family Court sentencing Brown initially to adult probation is REVERSED and this matter is REMANDED for a correction of sentence.

---

14. Where the Family Court declines to conduct a six-month review "after the juvenile's 18th birthday" under section 928(e), the automatic transfer from extended jurisdiction to the Department of Corrections will necessarily not occur until at least six months after the defendant turns eighteen. *See* 10 *Del. C.* § 928(e).

15. *Hughes v. State*, 653 A.2d 241, 244 (Del. 1994) (citing *State v. J.K.*, 383 A.2d 283, 285 (Del.1977)).

