IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KALEN FAULKNER, | § | |
| | § | No.   197, 2017 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below:   Family Court of |
| | § | the State of Delaware, in and for |
| v. | § | New Castle County |
| | § | |
| STATE OF DELAWARE, | § | Case Nos.:   0901019655 |
| | § |                 0705003072 |
| Respondent Below, | § |                 0705020335 |
| Appellee. | § | |
| | § | CPI No.:       17-06102 |
| | § | |

Submitted:   November 1, 2017
Decided:   December 4, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## O R D E R

On this 4th day of December 2017, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)   Appellant, Kalen Faulkner, petitioned the Family Court for expungement of his juvenile criminal history.   The Family Court denied his petition in a decision issued on April 25, 2017.   He makes three claims on appeal.   He first contends that he is eligible for expungement under an amendment to 10 *Del. C.* § 1018 which became effective on June 20, 2017.   The Family Court did not consider the amendment because it was not adopted until after the Family Court issued its

decision and after this appeal was filed. He nonetheless argues that we should consider and grant expungement of his juvenile criminal history under the amended statute in the interest of justice. He next contends that the Family Court erred in finding him ineligible for expungement. In order to be eligible for expungement, Faulkner could not have more than two cases in his history. The Family Court concluded that he had three cases. He contends that he had only two cases. His third contention is that the statutory definition of "case" is ambiguous and the Family Court erred by not giving the word "case" a broad definition that would further the statutory purpose of expungement. We find no merit to any of his claims and affirm.

(2)     We will not consider Faulkner's first claim because it is based on a statutory amendment that was not adopted until after the Family Court had decided the case. If Faulkner wishes to have expungement considered under the new statute, his remedy is to file a new petition for expungement in the Family Court.

(3)     Turning to his second claim, the Family Court determined that Faulkner had the following juvenile criminal history. First, on May 3, 2007, he was charged with two counts of Rape Fourth Degree and two counts of Unlawful Sexual Contact Second Degree. These charges involved victim E.C. in relation to conduct alleged to have occurred in December 2006.

2

(4)     Next, on June 7, 2007, he was charged with three counts of Unlawful Sexual Contact Second Degree.   These charges involved victim T.W. in relation to conduct alleged to have occurred in November 2006.   The incidents with E.C. and T.W. were alleged to have occurred while Faulkner was riding on a school bus with each victim.

(5)     On May 12, 2008, Faulkner pled guilty to and was adjudicated delinquent of one count of Offensive Touching and one count of Sexual Harassment in the E.C. matter and one count of Offensive Touching and one count of Sexual Harassment in the T.W. matter.   This gave him a total of four adjudications from the 2006 incidents.

(6)     Finally, on January 26, 2009, Faulkner was charged with one count of Unlawful Sexual Contact Second Degree.   The charge involved allegations he inappropriately touched a child during a New Year's Eve party.   On February 17, 2009, Faulkner was adjudicated delinquent on this charge.

(7)     Faulkner has not been charged with any subsequent offenses since the 2009 matter.   His petition for expungement was filed on March 1, 2017.

(8)   Faulkner sought expungement under 10 *Del. C.* § 1018(a)(6), which at that time provided that a person was eligible for expungement upon a showing of "[n]o more than two cases which resulted in adjudications of delinquency, where

3

one of the cases involve[d] a misdemeanor . . . adjudication and the other involve[d] a violent felony adjudication, and at least 7 years ha[d] passed since the second adjudication."[1]  Faulkner argued that the four adjudications arising from the two 2006 incidents were one case because the incidents occurred less than a month apart, involved the same kind of behavior in the same location, and were disposed of on the same day in one plea agreement.  The State argued in response that the four adjudications were two "cases" because they were the result of two different incidents and two different victims, and have separate case numbers.  If the 2006 incidents were one "case," Faulkner would be eligible for expungement under 10 *Del. C.* § 1018(a)(6) because the two 2006 incidents were misdemeanors, the Unlawful Contact Second Degree adjudication was a violent felony, and more than seven years had passed since the last adjudication.

(9)  10 *Del. C.* § 1016(3) defines "case" as "a charge or set of charges related to a complaint or incident that are or could be properly joined for prosecution."

(10)  The Family Court concluded that the 2006 incidents were two cases.  It followed the language of the statute in reasoning that a "case" is one or more charges "related to a complaint or incident."  While acknowledging that the four adjudicated charges were disposed of in a single plea agreement, the court reasoned that they

---

[1]  10 *Del. C.* § 1018(a)(6) (2016).

involved two different assaults at different times and two different case numbers. In other words, the Family Court concluded that they were two different complaints or incidents, and therefore two cases.

(11)  We review the Family Court's decision on a petition for expungement of juvenile records for an abuse of discretion.[2]  Matters of statutory interpretation are reviewed *de novo*.[3]  If the "statutory text is unambiguous, this Court's role is limited to an application of the literal meaning of the statute's words."[4]  A statute is ambiguous if it reasonably could be subject to differing interpretations, or if giving the words their literal meaning would lead to "an unreasonable or absurd result that could not have been intended by the legislature."[5]

(12)  We find no error in the Family Court's interpretation of the definition of "case."  Under the statute, a case arises from a single complaint or incident, although there may be multiple charges associated with a complaint or incident. Here, the 2006 cases arise from two, separate complaints or incidents, involving two different victims and conduct occurring on two different dates.

(13)  Finally, Faulkner argues that the statutory definition of "case" is ambiguous, or that there was a drafting error, and that the statute should be given a

---

[2] *Lee v. State*, 2009 WL 2894315, at *1 (Del. Sept. 10, 2009).
[3] *Arnold v. State*, 49 A.3d 1180, 1183 (Del. 2012).
[4] *Id.*
[5] *Id.*

broad definition to achieve expungement's purpose of giving petitioner's relief from the severe impact which a juvenile record can have on a person's life.   However, the statutory definition of "case" is clear.   There is no ambiguity.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is **AFFIRMED.**

BY THE COURT:

/s/   James T. Vaughn, Jr.
Justice

6