IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STANLEY C. LOWICKI, | § | |
| | § | No. 482, 2019 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | |
| STATE OF DELAWARE, | § | C.A. No. N18A-01-001 |
| | § | |
| Plaintiff Below, Appellee. | § | |

Submitted: May 22, 2020
Decided: July 29, 2020

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

# **O R D E R**

After consideration of the parties' briefs and the record in this case, it appears to the Court that:

(1)  This appeal arises under the Electronic Red Light Safety Program (the "Red-Light Program").[1]  After careful consideration of the parties' submissions and the record on appeal, we affirm for the reasons stated below.

(2)  A red-light camera captured images of a vehicle that is owned by the appellant, Stanley Lowicki, disobeying a traffic signal.  Lowicki contested the notice of violation that he received.  After a hearing, the Justice of the Peace Court found Lowicki responsible for the violation and ordered him to pay $172.50, as follows:

---

[1] 21 *Del. C.* §4101(d).

Fine Amount:  $75.00
Court Costs:  $25.00
Court Security Fee:  $10.00
Transportation Trust Fund:  $37.50
State Police Fund:  $7.50
Local Law Enforcement Fund:  $7.50
Ambulance Fund:  $10.00[2]

(3)    Because the statute governing the Red-Light Program provides that a "person found responsible for a civil traffic offense shall have a right of appeal only in those cases in which the civil penalty imposed exceeds $100,"[3] Lowicki asked the Justice of the Peace Court to modify the amounts imposed to allow him to appeal. The court declined.  Nevertheless, Lowicki appealed to the Court of Common Pleas, asserting that, together, the "Fine," "Court Costs," and "Court Security Fee" constituted a "civil penalty" greater than $100.  In an order dated December 7, 2017, the Court of Common Pleas disagreed, holding that it lacked jurisdiction because "civil penalty," as used in the statute, meant only the $75.00 fine and not the court costs or court security fee.  Because of that finding, the Court of Common Pleas did not address Lowicki's argument that the Justice of the Peace Court erred by not dismissing the case on the grounds that he had rebutted the statutory presumption that the "owner of any vehicle found to be in violation of this subsection shall be

---

[2] This order refers to the amounts imposed for the Transportation Trust Fund, State Police Fund, Local Law Enforcement Fund, and Ambulance Fund, collectively, as the "Fund Amounts."

[3] 21 *Del. C.* § 4101(d)(12).

held prima facie responsible for such violation . . ., unless the owner can furnish evidence that the vehicle was, at the time of the violation, in the care, custody or control of another person."[4]

(4)     Lowicki appealed to the Superior Court.  After the parties submitted briefing, the Superior Court requested supplemental briefing regarding "whether the amounts Mr. Lowicki was required to pay for the various 'funds' were authorized by Section 4101(d)(3)" and "whether those amounts constitute a 'civil penalty' under Section 4101(d)(12)."

(5)     In an order dated August 5, 2019, the Superior Court affirmed the decision of the Court of Common Pleas.  The court wrote:

> The term "civil penalty" in Section 4101(d)(12) corresponds to the amount of the fine assessed by the JP Court, which falls within the "civil or administrative assessment" referenced in Section 4101(d)(3).  Section 4101(d)(12) specifies that any late fees assessed under subsection (d)(3) also will be considered part of the civil penalty for determining whether there is a right to appeal.  By specifically referring to only one of the amounts contained in subsection (d)(3), the legislature made clear that the other costs and fees imposed were not included within the "civil penalty."  Section 4101(d)(3) refers to those amounts as costs and fees, not assessments or penalties.[5]

The court therefore agreed with the conclusion of the Court of Common Pleas that it lacked jurisdiction over Lowicki's appeal.

---

[4] *Id.* § 4101(d)(10).
[5] *Lowicki v. State*, 2019 WL 3564162, at *3 (Del. Super. Ct. Aug. 5, 2019).

(6) The Superior Court also held that "the additional fees imposed for the various 'funds'" were permitted by 21 *Del. C.* § 4101(d)(3)—despite that section's provision that "[no] assessments and court costs other than those specified in this subsection may be imposed"—because they were mandated by 11 *Del. C.* § 4101, a later-enacted statute that imposes the fund charges on a "recipient of a civil offense . . . for any violations of Title 21" as well as on defendants in criminal cases.[6] Finally, the Superior Court determined that Lowicki had waived the argument that the Fund Amounts were "civil penalties" for purposes of determining the right to appeal. But the court noted that even if the argument had not been waived, it would find that they were not part of the "civil penalty" for purposes of determining whether a violation recipient had a right to appeal. Lowicki filed a motion for reargument, which the Superior Court denied. This appeal followed.

(7) Lowicki makes four arguments on appeal: (i) the Superior Court erroneously held that Lowicki did not have a right of appeal in this case because the "civil penalty" did not exceed $100; (ii) Lowicki did not waive the argument that 21 *Del. C.* § 4101(d)(3) prohibited the imposition of the Fund Amounts; (iii) 21 *Del. C.* § 4101(d)(3) prohibited the imposition of the Fund Amounts; and (iv) under 10 *Del. C.* § 1902, the Superior Court should have transferred the case to a court with

---

[6] 11 *Del. C.* § 4101(g)(1), (j). *See also id.* § 4101(h) (requiring the imposition of certain fund charges on a "traffic defendant . . . for any civil violation or civil penalty under . . . Title 21").

4

jurisdiction and the court erred by not deciding whether Lowicki was entitled to dismissal or summary judgment. We review these legal issues *de novo*.[7]

(8) We first address the waiver issue. The parties appear to misapprehend the Superior Court's decision concerning waiver. In his opening brief, Lowicki suggests that the Superior Court determined that Lowicki waived the issue of whether 21 *Del. C.* § 4101(d)(3) prohibited the imposition of the Fund Amounts. But the Superior Court did not find that issue waived; rather, the court addressed that issue on the merits, holding that "the additional fees imposed for the various 'funds'" "expressly were mandated by 11 *Del. C.* § 4101" and were "permitted by 21 *Del. C.* § 4101(d)(3)."[8]

(9) The Superior Court did find that Lowicki "did not squarely raise in the Court of Common Pleas the argument that the fees imposed for the various funds are 'civil penalties' under Section 4101(d)(12). That argument therefore has been waived."[9] That conclusion is understandable, as Lowicki's submissions to the various courts, including this one, are not a model of clarity. But we conclude that Lowicki did raise this issue before the Court of Common Pleas. Among other things, he argued both that the only amounts that could be imposed under the Red-Light Program were the amounts identified in 21 *Del. C.* § 4101(d)(3) and that *all* of the

---

[7] *Parke Bancorp Inc. v. 659 Chestnut LLC*, 217 A.3d 701, 709-10 (Del. 2019).
[8] *Lowicki*, 2019 WL 3564162, at *3.
[9] *Id.* at *4.

5

amounts imposed must be included when calculating the amount of the civil penalty for purposes of determining whether a right to appeal exists.[10] We therefore address both issues below.

(10) Lowicki contends that Title 21 prohibited the imposition of the Fund Amounts. Title 21, Section 4101(d)(3) provides, in relevant part:

> The owner or operator of a vehicle which has failed to comply with a traffic light signal, as evidenced by information obtained from a traffic light signal violation monitoring system, shall be subject to a *civil or administrative assessment not to exceed $110*; provided, however, that the city or county may provide for an additional assessment not to exceed $10 if the civil or administrative assessment is not paid within 20 days, which assessment may be increased to an amount not to exceed $20 if the assessment is not paid within 45 days, and may be increased to an amount not to exceed $30 if the assessment is not paid within 90 days. *Court costs or similar administrative fees not to exceed $35 may also be assessed* against an owner or operator who requests a hearing to contest the violation and is ultimately found or pleads responsible for the violation or who fails to pay or contest the violation in a timely manner. *No assessments and court costs other than those specified in this subsection may be imposed.* A violation for which a civil assessment is imposed under this subsection shall not be classified as a criminal offense and shall not be made a part of the operating record of the person upon whom such liability is imposed, nor shall it be used for insurance purposes in the provision of motor vehicle insurance.[11]

In this case, the Justice of the Peace Court imposed the following amounts:

> Fine Amount: $75.00
> Court Costs: $25.00
> Court Security Fee: $10.00

---

[10] Appendix to Opening Brief at A-64.
[11] 21 *Del. C.* § 4101(d)(3) (emphasis added).

6

Transportation Trust Fund:  $37.50
State Police Fund:  $7.50
Local Law Enforcement Fund:  $7.50
Ambulance Fund:  $10.00

(11)   The Court Security Fee was imposed as required by 10 *Del. C.* §

8505(a).[12]  The Court Costs were imposed as authorized by 21 *Del. C.* § 4101(d)(3).[13]

(12)   The Fund Amounts were imposed under 11 *Del. C.* § 4101, which

expressly makes the assessments for various funds applicable to civil offenses

arising under Title 21.[14]  Lowicki asserts that the provision in 21 *Del. C.* § 4101(d)(3)

that "[n]o assessments and court costs other than those specified in this subsection

may be imposed" prohibited the imposition of the Fund amounts.  We disagree.

(13)   Several well-established principles of statutory construction serve to

reconcile these seemingly conflicting statutes.  First, "this Court will read each

---

[12] *See* 10 *Del. C.* § 8505(a) ("All state courts shall assess as part of court costs a supplemental court security assessment not to exceed $10 on each initial civil filing and on each criminal, traffic or delinquency charge for which there is a conviction or finding of delinquency or responsibility, or voluntary assessment paid.").

[13] *See* 21 *Del. C.* § 4101(d)(3) ("Court costs or similar administrative fees not to exceed $35 may also be assessed against an owner or operator who requests a hearing to contest the violation and is ultimately found or pleads responsible for the violation . . . .").

[14] *See* 11 *Del. C.* § 4101(g)(1) ("In addition to, and at the same time as any fine, penalty or forfeiture is assessed to a criminal defendant, recipient of a civil offense, or any child adjudicated delinquent, there shall be levied an additional surcharge of 50% of the fine for the Transportation Trust Fund imposed and collected for any violations of Title 21."); *id.* § 4101(h) (requiring the levy of "an additional penalty of $15" for "any civil violation or civil penalty under . . . Title 21," one-half of which is for use for state-police initiatives to combat violent crime and one-half of which is for use for local-law-enforcement initiatives to combat violent crime); *id.* § 4101(j) (providing that "[i]n addition to, and at the same time as any fine, penalty, or forfeiture assessed to a criminal defendant or recipient of a civil offense, there shall be levied an additional penalty of $10 imposed and collected for any violations of Title 21" for the "Volunteer Ambulance Company Fund").

7

section of the statute in light of all the others to produce a harmonious whole."[15]

Similarly, courts "construe a statute to give effect to all its provisions, so that no part is inoperative or superfluous, void or insignificant, and so that one section does not destroy another, unless a provision is the result of obvious mistake or error."[16] Moreover, "when a specific statute is enacted that appears to conflict with an existing general statute, the subsequently enacted specific statute is controlling."[17]

(14)  The General Assembly enacted the portions of Title 21, Section 4101(d)(3) permitting the imposition of up to $35 in "court costs or similar administrative fees" and the prohibition on "assessments and court costs other than those specified in this subsection" effective June 23, 2005.[18]  The General Assembly enacted the provisions of Title 11, Section 4101 governing the Fund Amounts at issue in this case in 2007 and later.[19]  By imposing the Fund Amounts, the Justice of the Peace Court correctly gave effect to the specific, later-enacted provisions of 11

---

[15] *Progressive N. Ins. Co. v. Mohr*, 47 A.3d 492, 496 (Del. 2012) (internal quotations and alteration omitted).  *See also* 2A SUTHERLAND STATUTORY CONSTRUCTION § 46:5 (7th ed. Oct. 2019 update) [hereinafter SUTHERLAND] ("[E]ach part or section of a statute should be construed in connection with every other part or section to produce a harmonious whole.").

[16] 2A SUTHERLAND, *supra* note 15, § 46:6 (citations omitted).

[17] *Cede & Co. v. Technicolor, Inc.*, 758 A.2d 485, 494 (Del. 2000).  *See also Heath v. State*, 983 A.2d 77, 81 (Del. 2009) ("If inconsistencies exist between two statutes, we will presume the General Assembly's intent that the more specific, later-enacted statute limits the effect of the former.  If the statutes narrowly conflict, we will try to give effect to both, unless the General Assembly expressly intended the latter to repeal the former" (citations omitted)).

[18] 2005 Del. Laws Ch. 56 (H.B. 100).

[19] *See* 2007 Del. Laws Ch. 77 (H.B. 264) (adopting the Transportation Trust Fund provision, effective January 1, 2008); 2011 Del. Laws Ch. 160 (H.B. 143) (adopting the local-law-enforcement and state-police funds, effective Aug. 2, 2011); 2014 Del. Laws Ch. 436 (H.B. 315) (adopting the Volunteer Ambulance Company Fund, effective Dec. 23, 2014).

*Del. C.* § 4101. Doing so did not render "inoperative or superfluous" the prohibition in Title 21, § 4101(d)(3) on "assessments and court costs other than those specified in this subsection." For example, that provision may still be understood to bar non-statutory assessments exceeding $35, such as those that might be imposed by court rule.[20] Thus, the Superior Court did not err by holding that the Fund Amounts were lawfully imposed.

(15)   We also agree that Lowicki did not have a right of appeal in this case because the "civil penalty" did not exceed $100. Title 21, Section 4101(d)(12) provides:

> Any person found responsible for a civil traffic offense shall have a right of appeal only in those cases in which the civil penalty imposed exceeds $100 . . . . Additional penalty assessments for late payment/response pursuant to paragraph (d)(3) of this section shall be included in determining the amount of the civil penalty for purposes of determining the right to an appeal.

We conclude that only the Fine Amount—and not the Court Costs, Court Security Fee, or Fund Amounts—constitutes the "civil penalty" for purposes of determining whether the amount exceeds $100 and thus gives rise to a right of appeal.

(16)   The statute expressly provides that "[a]dditional penalty assessments for late payment/response pursuant to paragraph (d)(3) of this section shall be

---

[20] *Cf.* Del. J.P. Ct. Policy Directive 10-238, at 4-5 (Sept. 7, 2010) (stating that court costs of $25 and the Court Security Fee of $10 should be imposed in proceedings under the Red-Light Program, so that those assessments, in the aggregate, do not exceed the statutory limit of $35).

9

included in determining the amount of the civil penalty for purposes of determining the right to an appeal."[21] It is settled that "'where a form of conduct, the manner of its performance and operation, and the persons and things to which it refers are affirmatively or negatively designated, there is an inference that all omissions were intended by the legislature.'"[22] Thus, only "[a]dditional penalty assessments for late payment/response pursuant to paragraph (d)(3) of this section"—and not any other amounts not mentioned—will be added to the fine when calculating the amount of the "civil penalty."

(17) The Fund Amounts are not included in the calculation of the "civil penalty" amount because they were not imposed "pursuant to paragraph (d)(3)" of Title 21, Section 4101; rather, they were imposed under Title 11, as discussed above. Moreover, although it is a closer call, we conclude that the court costs and Court Security Fee are not "penalty assessments for late payment/response" and therefore also are not included in the calculation of the "civil penalty" amount. The court costs and Court Security Fee did not result from any late action by Lowicki. He argues that the forward slash or "virgule"[23] presents alternatives—that is, that charges that

---

[21] 21 *Del. C.* § 4101(d)(12).

[22] *Brown v. State*, 36 A.3d 321, 325 (Del. 2012) (describing the rule of statutory construction known as *expressio unius est exclusio alterius*, or "the expression of one thing is the exclusion of another," and quoting *Leatherbury v. Greenspun*, 939 A.2d 1284, 1291 (Del. 2007)).

[23] *See generally Knous v. United States*, 683 Fed. Appx. 859, 864 (11th Cir. 2017) (stating that "[c]ourts have repeatedly recognized that a slash, solidus, or virgule is used to separate alternatives" and disagreeing with argument that "the district court erred in concluding that the slash punctuation in the phrase meant 'or'").

result from either a late payment or a response must be included when calculating the amount of the "civil penalty"—and that the court costs and Court Security Fee were imposed because he "responded" by contesting the violation and therefore must be included in the amount of the "civil penalty." That argument assumes that "late" modifies only "payment" but not "response." In other words, if only penalty assessments for late payments or late responses are included in the amount of the "civil penalty," then Lowicki had no right of appeal.

(18) We need not decide whether "late" modifies both "payment" and "response" or only "payment," however, because the court costs and Court Security Fee are not "penalty assessments." The courts costs and Court Security Fee were imposed to defray the costs of providing a forum for contesting the violation, not to penalize Lowicki for doing so.[24] As the Fund Amounts, court costs, and Court Security Fee were not part of the "civil penalty" within the meaning of 21 *Del. C.* § 4101(d)(12), and the fine alone was not more than $100, Lowicki had no right of appeal in this case.

---

[24] *Cf. Brookens v. State*, 466 A.2d 1218, 1219 (Del. 1983) (stating that the "penalty assessment" for the victims' compensation fund was "compensatory and not punitive in nature" and therefore not included in the calculation of the fine for purposes of determining whether the jurisdictional threshold for a criminal appeal was satisfied). *Cf. also Santillo v. State*, 1985 WL 189243, at *1 (Del. Super. Ct. Aug. 9, 1985) (holding that the defendant in a reckless driving case did not have a right to appeal because the "fine, excluding costs and the statutory victim compensation surcharge, was only $91 and a term of imprisonment was not imposed").

11

(19)   Because Lowicki did not have a right of appeal, Lowicki's argument concerning transfer jurisdiction and his argument that the Superior Court erred by not failing to address his contention that the complaint should have been dismissed or summary judgment granted in his favor also are without merit.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice