# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RICHARD AVERSA, | § | |
| | § | |
| | § | |
| Defendant Below, | § | No. 31, 2017 |
| Appellant, | § | |
| | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1601003130 (K) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 25, 2017
Decided: October 4, 2017

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

## ORDER

This 4th day of October 2017, it appears to the Court that:

(1)    In May 2016, the appellant, Richard Aversa, was convicted of Failure to Stop at a Stop Sign after a jury trial in the Court of Common Pleas. Aversa was fined $25, plus costs and assessments. He filed multiple post-trial motions that the Court of Common Pleas denied. On July 13, 2016, he filed a notice of appeal in the Superior Court.

(2)    In an order dated December 1, 2016, the Superior Court dismissed Aversa's appeal for lack of jurisdiction. Aversa filed this appeal from the Superior Court's December 1, 2016 dismissal. After Aversa filed his opening brief, the State filed a motion to affirm the Superior Court's dismissal for lack of jurisdiction.

(3)  On August 4, 2017, the Senior Court Clerk issued a notice directing Aversa to show cause why this appeal should not be dismissed for this Court's lack of jurisdiction to consider a criminal appeal that fails to meet the thresholds set forth in Article IV, § 11(1)(b) of the Delaware Constitution.  Aversa filed a motion for a two-month extension to respond to the notice to show cause.  In granting Aversa a one-month extension, the Court stated that if Aversa failed to file a response by September 25, 2017 the notice to show cause would be deemed unopposed and his appeal would be dismissed.  On September 25, 2017, Aversa did not file a response to the notice to show cause, but instead requested an extension until January 25, 2017 to respond to the notice to show cause.

(4)  Like the Superior Court,[1] this Court's constitutional jurisdiction is limited to criminal appeals when the sentence is "imprisonment exceeding one month, or fine exceeding One Hundred Dollars."[2]  Victims' Compensation Fund assessments and court costs are not fines for purposes of determining the minimum jurisdictional amount under Article IV, § 11(1)(b).[3]  Aversa was not sentenced to imprisonment of more than one month or a fine of more than $100.  His sentence fails to meet the jurisdictional threshold.[4]  Therefore, the appeal must be dismissed.

---

[1] Del. Const. art. IV, § 28.

[2] Del. Const. art IV, § 11(1)(b).

[3] *Coleman v. State*, 1997 WL 328584, at *1 (Del. May 19, 1997); *Brookens v. State*, 466 A.2d 1218, 1219 (Del. 1983).

[4] *Purnell v. State*, 2016 WL 386656, at *1 (Del. June 29, 2016) (dismissing appeal from a Superior Court order dismissing an appeal from a Court of Common Pleas' sentencing order where the

2

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED and Aversa's request for an extension to respond to the notice to show cause is denied as MOOT.

BY THE COURT:

_/s/ Gary F. Traynor_
Justice

---

appellant was sentenced to one year of probation and a $50 fine); *Coleman*, 1997 WL 328584, at *1 (dismissing appeal from a Superior Court order dismissing an appeal from a Court of Common Pleas' sentencing order where the appellant was sentenced to pay a fine of $55 and was assessed court costs of $75 and victim's compensation fund assessment of $9.90).